THOMAS *v.* STATE OF INDIANA.

[No. 767S39. Filed August 26, 1970. Rehearing denied September 30, 1970.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, *John J. Dillon,* Former Attorney General, and *Murray West,* Former Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from the judgment of the Criminal Court of Marion County, Division No. 1, finding appellant guilty of Second Degree Burglary. The charge was

brought by affidavit and tried before the court, the defendant having waived trial by jury.

Testimony at the trial indicates that Foster Powell owned a grocery in Marion County. On January 5, 1966, Foster Powell left his place of business, Powell's Market, about 10:00 p.m. Just after midnight, he was called to his store and found the back door broken and meat stacked up by the meat block, but nothing was missing. Officer Tim Martin of the Indianapolis Police Department saw defendant in the alley behind Powell's Market at 12:17 a.m. on January 6, 1966. Appellant "was just on the inside of the store running out the back door." Officer Martin testified that another subject ran north in the alley with appellant but that he was not apprehended. Appellant was apprehended by Officer Martin and a subsequent search resulted in finding two rolls of pennies and a flashlight in appellant's pocket. Officer Martin proceeded to examine the back door of Powell's Market and found that two 2x4's that were on the inside of the door had been sawed through and that five boxes of meat had been stacked up and placed just inside the rear door of the store.

Appellant argues the fact that the door had been sawed open some time between 10:00 p.m., the time Powell left, and 12:17 a.m., the time when Officer Martin arrived and saw the defendant inside the back door, does not establish that the defendant was the one who broke open the door, but that in the absence of any other evidence it only establishes that defendant had entered the store.

It is our duty on appeal to review the evidence most favorable to the appellee to determine whether there was substantial evidence to sustain the finding of the lower court. ██ *Walker* v. *State* (1968), 250 Ind. 649, 238 N. E. 2d 466. We hold that the evidence in this case is indeed sufficient for the lower court to find that the appellant was the one who broke open the door and stacked the meat up by said door. The door was broken in a two-hour period between the

time Powell left the store (10:00 p.m.) and the time Officer Martin arrived (12:17 a.m.). The appellant was seen inside the store and he *ran* at the sight of police, not stopping until a shot was fired and he tripped. We note that evidence of attempted escape is always competent evidence of consciousness of guilt. *Meredith* v. *State* (1966), 247 Ind. 233, 214 N. E. 2d 385. Defendant was also found carrying a flashlight and was first seen just inside the back door where the meat was stacked, ready to be carried out. This evidence was sufficient to find appellant guilty of Second Degree Burglary.

The appellant's argument that there was no evidence that Powell owned the merchandise in Powell's Market at the time appellant was seen inside the back door of the market is without merit. The testimony indicates Powell owned the store in both January, 1966, and at the time of trial, reference having been made to "your place of business" and "your store" in direct and cross examination of Powell..

Judgment is therefore affirmed.

Hunter, C.J., DeBruler and Givan, JJ., concur; Jackson, J., dissents without opinion

NOTE.—Reported in 261 N. E. 2d 224.