MICHAEL ALLEN PRESLEY *v*. STATE OF INDIANA.

[No. 1-972A75. Filed March 7, 1973.]

420

*Gerald E. Surface, Jr.,* of Richmond, for appellant.

*Theodore L. Sendak,* Attorney General, *Lynda F. Huppert,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—The defendant-appellant (Presley) is appealing his conviction of the theft of a motor vehicle. His trial was by jury.

At the outset it should be said that this court will not weigh the evidence nor resolve the questions of credibility, but will look to the evidence most favorable to the State and the reasonable inferences therefrom which support the verdict of the trial court or jury. *Washington* v. *State* (1971), 257 Ind. 40, 271 N.E.2d 888; *Davis* v. *State* (1971), 257 Ind. 46, 271 N.E. 893; *Grimm* v. *State* (1970), 254 Ind. 150, 258 N.E.2d 407; *Sharp* v. *State* (1970), 254 Ind. 435, 260 N.E.2d 593.

Of the five specifications of error alleged in Presley's motion to correct errors, three may be discussed and decided collectively, namely: that the verdict was contrary to law; that the verdict was not based upon sufficient evidence; and the court erred in not directing a verdict for Presley.

The evidence discloses that Presley, driving a car belong-

ing to one Jerry Hawkey, drove into a filling station. Hubert Hall was a passenger in the automobile driven by Presley. Presley drove away from the station. Very shortly thereafter the automobile collided with a utility pole.

Police investigating the accident, as well as several other witnesses, testified that Presley was pinned inside the car behind the steering wheel. They further testified that there was no one else in or about the wreck.

The crux of Presley's argument is that the injuries he sustained were not compatible with being pinned behind the steering wheel or the pattern of blood splattered about the automobile. He posits that there was reasonable doubt that the driver may have been Hall, whose presence at the wreck scene was unaccounted for. The argument is of no avail because the jury received testimony regarding Presley's driving the car prior to the accident from which they could properly infer the necessary unauthorized control as required by IC 35-17-5-3(a), Ind. Ann. Stat. § 10-3030(a).

Presley further argues that there is no direct proof that he took the automobile. Possession of the vehicle, shortly after it was stolen, is evidence from which the jury could reasonably infer that it was Presley who committed the theft. See *Hancock* v. *State* (1971), 256 Ind. 337, 268 N.E.2d 743, *Vaughn* v. *State* (1971), 255 Ind. 678, 266 N.E.2d 219.

Presley then further alleges error in the introduction into evidence of two police photographs of Presley as he was pinned behind the steering wheel in that they were highly prejudicial because they tend to lead the jury into believing Presley was the driver at the time of the accident. The most serious category these photos would possess would be that of harmless error. (This is not to indicate that we believe their introduction to be error.) The reason being there was ample evidence, exclusive of the

photographs, from which the jury could infer Presley's unauthorized possession of the automobile.

The remaining error alleged by Presley is that he was denied the right to recross-examine Hollie Hawkey about the ownership of the stolen vehicle. The evidence revealed that Hollie Hawkey had borrowed the automobile from his brother Jerry Hawkey, when it was stolen. We are again of the opinion that, at most, this would amount to harmless error. Jerry Hawkey gave testimony regarding the ownership of the automobile and Presley had the opportunity to examine him regarding legal title.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.