Nick COMSTOCK, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 979S263.

Supreme Court of Indiana.

April 29, 1980.

Hariette Bailey Conn, Public Defender, Kenneth M. Stroud, Sp. Asst. Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Nick Comstock, was convicted by a jury of burglary, a class C felony, Ind.Code § 35–43–2–1 (Burns 1979 Repl.); theft, a class D felony, Ind.Code § 35–43–4–2 (Burns 1979 Repl.); and being an habitual offender, Ind.Code § 35–50–2–8 (Burns 1979 Repl.). He was sentenced to terms of five years, two years, and thirty years respectively. He now raises three issues in this direct appeal:

1. Whether the trial court abused its discretion by denying a change of venue from the county;

2. Whether the mandatory sentence provided by the Indiana Habitual Offender Statute is so disproportionate in relation to defendant's underlying offenses as to constitute cruel and unusual punishment; and

3. Whether the trial court invaded the province of the jury by refusing to instruct the jury as to the length of the sentence under the Habitual Offender Statute.

I.

A summary of the facts most favorable to the state shows that defendant and another person were tried in 1977 in Jay County for statutory rape. There was some publicity at that time about that case because the trial judge ruled that the rape shield law was unconstitutional and that the victim could be cross-examined. Finally, the case was dismissed because of the manner in which the victim testified. The thrust of the newspaper articles published at that time was the apparent mishandling of the case by the trial court. Defendant's name was not prominent in any of these articles.

Defendant was indicted for the instant crimes on August 10, 1978, and moved for a change of venue from the county, based on the excessive publicity of the previous case, on February 6, 1979. This motion was overruled and defendant was tried and found guilty of burglary and theft. He was then tried and found guilty as an habitual offender because of two previous unrelated felony convictions.

Defendant now alleges that the publicity surrounding the earlier rape trial was prejudicial and established a strong public sentiment against him especially in view of the habitual offender count.

It is well settled that a trial court's denial of a motion for change of venue based on prejudicial pretrial publicity is reviewed only for abuse of trial court discretion. *Mendez v. State*, (1977) 267 Ind. 309, 370 N.E.2d 323; *McFarland v. State*, (1975) 263 Ind. 657, 336 N.E.2d 824. The trial court has a duty to balance the rights of the news media, the defendant, and the citizens as it determines the right to change of venue. *Brown v. State*, (1969) 252 Ind. 161, 247 N.E.2d 76.

We find no showing of any significant prejudicial effect on defendant in the instant case, since the newspaper articles focused on the judge; the defendant's name was only mentioned deep in the text; the articles had appeared over one and one-half years previously; and the articles concerned an alleged incident which was completely unrelated to any of the instant charges. Therefore, the trial court did not abuse its discretion in the denial of defendant's motion for change of venue from Jay County.

II.

Defendant next alleges that the mandatory thirty-year sentence, imposed upon the conviction of being an habitual offender, is so disproportionate in relation to the underlying offenses in his case as to constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and Article 1, § 16 of the Indiana Constitution. Defendant's first prior unrelated felony was a conviction for theft in 1973. At that time, he apparently took twenty dollars and a cash register

from a flower store and was sentenced to one year in the State Farm. The second prior unrelated felony was a conviction for second-degree burglary of a restaurant in 1975, for which he was sentenced to a term of 2–5 years. There was no evidence of violence or the use of a weapon in either case. The charges in the instant case were burglary and theft of food, cigarettes, and change from a supermarket late at night. Again there was no evidence of a weapon or any violence being used. Defendant contends that the nature and circumstances surrounding his offenses indicate a thirty-year sentence is neither appropriate nor justified.

Defendant does not challenge the constitutionality of the recidivist statute as a general proposition and it is clear that both this Court and the United States Supreme Court have upheld recidivist statutes against cruel and unusual punishment, double jeopardy, ex post facto, and due process arguments. *Spencer v. Texas,* (1967) 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606; *Norris v. State,* (1979) Ind., 394 N.E.2d 144; *Parks v. State,* (1979) Ind., 389 N.E.2d 286; *McMahan v. State,* (1978) Ind., 382 N.E.2d 154. We have also upheld this statute against the specific claim that the mandatory life sentence (as imposed under our prior habitual offender statute) was grossly disproportionate to the nature of the underlying offense and therefore violated both the United States and the Indiana Constitutions. *Norris v. State, supra.*

Defendant now argues that his mandatory thirty-year sentence (as imposed by our present statute) is so grossly disproportionate to all three underlying crimes that it is unconstitutional as applied to him. This issue has recently been considered and decided adversely to defendant's position by the United States Supreme Court in *Rummel v. Estelle,* (1980) —— U.S. ——, 100 S.Ct. 1133, 63 L.Ed.2d 382. In that case, the Court held that the mandatory life sentence imposed upon the defendant under the Texas recidivist statute did not violate the prohibition against cruel and unusual punishment as applied specifically to that defendant, even though the total amount

taken during all three underlying crimes amounted to less than $250. The Court noted that:

" . . . for crimes concededly classified and classifiable as felonies, that is, as punishable by significant terms of imprisonment in a state penitentiary, the length of the sentence actually imposed is purely a matter of legislative prerogative." *Rummel v. Estelle, supra,* —— U.S. ——, 100 S.Ct. at 1139, 63 L.Ed.2d at 391.

■ This Court has long recognized that the purpose of the habitual offender statute is to more severely penalize those persons whom prior sanctions have failed to deter from committing felonies. *Norris v. State, supra; Bernard v. State,* (1967) 248 Ind. 688, 230 N.E.2d 536. Our legislature has recently decided that it was appropriate to reduce the mandatory sentence given to habitual criminals from life imprisonment to thirty years. At some time, the legislature might decide that the thirty-year mandatory sentence should be reduced yet further for those who commit nonviolent felonies. But that determination is strictly one of legislative policy. As Mr. Justice Stewart has said:

" . . . the question for decision is not whether we applaud or even whether we personally approve the procedures followed in [this case]. The question is whether those procedures fall below the minimum level the [Constitution] will tolerate." *Rummel v. Estelle, supra,* —— U.S. at ——, 100 S.Ct. at 1145, 63 L.Ed.2d at 398 (concurring opinion).

■ While defendant's sentence of thirty years was imposed on the conviction of a nonviolent and relatively "minor" theft, it was imposed because previously he had been twice convicted of felonies. Thus, given the purpose underlying our habitual offender statute, and the decision in *Rummel v. Estelle, supra,* as well as our own prior decisions, we cannot say that this sentence is grossly out of proportion to the severity of the crime. We hold that the thirty-year sentence imposed on defendant did not violate the Eighth Amendment to the United

States Constitution or Article 1, § 16 of the Indiana Constitution.

### III.

Defendant finally contends that by refusing to advise the jury of the penalty which he would receive under the habitual offender statute, the court invaded the province of the jury to determine the law and the facts as provided in Article 1, § 19 of the Indiana Constitution. This issue has clearly been settled by this court in *Debose v. State*, (1979) Ind., 389 N.E.2d 272 where we held:

> "A jury must be instructed upon matters of law which are necessary for their information in giving their verdict. Ind. Code § 35–1–35–1 (Burns 1979). Since juries may no longer fulfill any function regarding sentencing, the amount of penalty prescribed by the legislature is irrelevant.

> \*    \*    \*    \*    \*    \*

> "In earlier decisions, regarding statutes requiring the jury to state the penalty within the verdict, this court has held that the jury must be informed of the penalty even if the jury had no discretion in assessing the amount of penalty. *See Kocher v. State*, (1979) Ind., 389 N.E.2d 18. Such an interpretation is inapplicable under the current law." 389 N.E.2d at 273, 274.

However, defendant further argues that because of the mandatory nature of the habitual offender statute, the judge has no discretion or flexibility in sentencing and therefore the jury is all that stands between the criminal defendant and an "overzealous" prosecutor. We find this argument would be more properly directed to the legislative policy underlying the imposition of the same mandatory sentence on all habitual offenders. As we stated above, the purpose behind the habitual offender statute is to more severely penalize those persons whom prior sanctions have failed to deter from committing felonies. The means of implementing this purpose must be left up to the legislature. We have already found that our present statute is within the bounds of constitutional limits. The trial court did not err by refusing to instruct the jury as to the penalty under the habitual offender statute.

For all foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.