Roger POWERS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1180S422.

Supreme Court of Indiana.

March 5, 1982.

Harriette Bailey Conn, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Burglary, Ind.Code § 35–43–2–1 (Burns 1979), Theft, Ind.Code § 35–43–4–2 (Burns 1979), Escape, Ind.Code § 35–44–3–5 (Burns 1979), and being an Habitual Offender, Ind.Code § 35–50–2–8 (Burns 1979). He was sentenced to a total of thirty-two (32) years imprisonment. This direct appeal presents the following issues:

(1) Whether the trial court erred in giving an instruction on flight over Defendant's objection.

(2) Whether the trial court erred in refusing to give Defendant's tendered instruction No. 2 relating to their duty to exercise their independent judgment in arriving at a verdict.

(3) Whether the Habitual Offender statute is unconstitutional, as applied, because it does not provide for voir dire of the jury.

(4) Whether the evidence is sufficient to support the Burglary and Theft convictions.

\*     \*     \*

## ISSUE I

The trial court gave the following instruction:

"The flight of a person after the commission of the crime with which he is charged, if there was such flight, is a circumstance which may be considered by you as showing consciousness of guilt, and in connection with all the other evidence may aid you in determining his guilt or innocence.

Defendant objected as follows:

"The defendant objects to the giving of State's tendered instruction No. 1 on the grounds that it over-emphasizes the amount of weight to be given to the circumstance of flight. It unduly calls attention to it and over-emphasizes the amount of weight that it would normally carry in determining guilt."

Defendant argues as follows:

"However, because Powers was being tried simultaneously before the same jury on the separate crimes of Burglary, Theft and Escape, the flight instruction could have only confused the jury as to where, how and to which crimes such inference could be drawn."

The instruction is a correct statement of the law:

"We note that evidence of attempted escape is always competent evidence of consciousness of guilt." *Thomas v. State*, (1970) 254 Ind. 561, 563, 261 N.E.2d 224, 225.

The evidence of flight in this case established the basis for the Escape charge. The flight occurred after Defendant's arrest for the Burglary and Theft charges and his transportation to the police station. When the police car stopped at the station, he bolted from it. Defendant was eventually apprehended in Florida.

The evidence of flight was relevant to show guilt of the Escape charge and a consciousness of guilt of the Burglary and Theft charges. We find no potential for confusion and no error in the giving of this instruction. *Porter v. State*, (1979) Ind., 391 N.E.2d 801, 812. *See Underhill v. State*, (1981) Ind., 428 N.E.2d 759, 764–65.

## ISSUE II

Defendant contends that the trial court erred in refusing his tendered instruction No. 2:

"You have a solemn duty to decide this case using your own judgment and to not be unduly intimidated by the fact that your fellow jurors may disagree with your decision.

"You must not let your decision be changed solely by the fact that you hold a minority view among the jurors. You are entitled to your own opinion."

The trial court gave the following final instruction:

"From now until I discharge you, you must remain together and in charge of the Jury Bailiff. You must not communicate with any person other than the

other members of this Jury, except to answer any questions that are asked you by the Bailiff at my direction. If, at any time, you have a desire to communicate with me, you are to notify the Bailiff, and he in turn will get in touch with me.

"You each have a personal, individual duty to act upon your own judgment in deciding the guilt or innocence of the defendant in this case, and you should not give up your own judgment through carelessness or indifference. On the other hand, do not allow pride of personal opinion to prevent you from doing your duty to consult, reason and deliberate freely and fairly with the other members of this Jury in an honest and good-faith effort to arrive at a just verdict in this case."

This instruction properly covered the area, and therefore it was not error to refuse Defendant's tendered instruction. *Harrison v. State*, (1978) 269 Ind. 677, 689, 382 N.E.2d 920, 927, *cert. denied*, (1979) 441 U.S. 912, 99 S.Ct. 2010, 60 L.Ed.2d 384.

### ISSUE III

■ Defendant contends that Ind.Code § 35–50–2–8 (Burns 1979), the Habitual Offender statute, is unconstitutional because it denies those accused thereunder a trial by a fair and impartial jury. He argues that he should have been allowed an opportunity to examine the prospective jurors to determine whether they could be fair and impartial and to learn about their biases or prejudices with regard to the habitual offender charge.

In the past we have found no merit in similar attacks upon the statute, which questioned the impartiality of jurors who have just found a defendant guilty of a felony and are then asked to determine if he is an habitual offender. *Dorton v. State*, (1981) Ind., 419 N.E.2d 1289, 1297; *Shepler v. State*, (1980) Ind., 412 N.E.2d 62, 69; *Ferguson v. State*, (1980) Ind., 405 N.E.2d 902, 908; *Wise v. State*, (1980) Ind., 400 N.E.2d 114, 118–19. Based upon the record in this case we need not reconsider these decisions as Defendant requests us to do. Defendant never asked the trial court to

permit him to voir dire the jurors concerning the habitual offender charge. We understand that mention of the habitual offender charge, during the selection of the jury, would effectively eviscerate the reason for a bifurcated proceeding; however, the record shows no request to examine the jurors after they rendered the verdicts upon the Burglary, Theft, and Escape charges. Under these circumstances Defendant cannot complain. The record reflects that the requirements of the habitual offender statute were met.

### ISSUE IV

Without citation to authority, Defendant challenges the sufficiency of the evidence upon the Burglary and Theft charges.

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom beyond a reasonable doubt, the verdict will not be disturbed. (citation omitted)." *Loyd v. State*, (1980) Ind., 398 N.E.2d 1260, 1264, *cert. denied*, (1980) 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

■ The evidence most favorable to the State discloses that on November 20, 1979 Defendant burglarized a Shell service station in Attica. He took approximately $20.00 in change and fled, leaving the back door open. The only evidence of Defendant's involvement was a confession which he made to one Melvin Beavers. Beavers related the incident as Defendant had told it to him. He also related that Defendant had given him money, coins, in payment of a loan. Defendant had said that he had obtained the money by breaking into the Shell station.

Defendant asks us to rejudge Beavers' credibility, which we will not do unless the testimony is "inherently unbelievable." *Bentley v. State*, (1981) Ind., 414 N.E.2d 573, 574. While Beavers expressed a motive for going to the police, i.e. that he believed that Defendant had caused him to lose his job, his testimony is not inherently

unbelievable. Beavers' testimony along with the above mentioned evidence of flight constitute sufficient evidence to support the Burglary and Theft convictions. *See Serrano v. State*, (1977) 266 Ind. 126, 130–34, 360 N.E.2d 1257, 1260–62.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.