Anthony C. DURHAM, Appellant
(Defendant Below)

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2–683A210.

Court of Appeals of Indiana,
Second District.

Jan. 9, 1984.

Rehearing Denied Feb. 16, 1984.

Marcus C. Emery, Steers, Sullivan, McNamar & Rogers, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge (writing by designation).

Anthony C. Durham (Durham) appeals a ruling of the Municipal Court of Marion County, granting the State's motion to cor-

rect errors, thereby reinstating a habitual offender information that had previously been dismissed.

We affirm.

Durham was initially charged on February 18, 1981, with unlawful possession of a portable police radio, a class B misdemeanor, and carrying a handgun without a license, a class D felony. On May 21, 1981, Durham was charged with a habitual offender information.

His trial on October 29, 1981, resulted in a mistrial due to a hung jury. Durham was again tried on March 4 and 5, 1982, resulting in convictions for carrying a handgun without a license, a class D felony, and unlawful possession of a portable police radio, a class B misdemeanor. The same jury determined that Durham was not a habitual offender pursuant to IND. CODE 35-50-2-8.

Thereafter, Durham filed a belated motion to correct errors and his convictions were set aside. The State filed another habitual criminal charge and Durham filed a motion to dismiss the information which the trial court did on March 3, 1983. The State then filed a motion to correct errors which the trial court granted on April 8, 1983, thereby reinstating the habitual offender charge. Durham presents the following issues for review:

1. Whether prosecution on the habitual criminal charge is barred by former jeopardy.

2. Whether prosecution on the habitual criminal charge is barred by the doctrine of prosecutorial vindictiveness.

■ Durham contends that the habitual offender charge violates his right against double jeopardy because he was previously found not to be a habitual criminal. However, it has been well established, that the double jeopardy provisions do not apply to the habitual criminal statute. The habitual criminal statute does not create a new offense. It merely imposes a more severe penalty for the crime charged. *Hall v. State*, (1980) Ind., 405 N.E.2d 530; *Ferguson v. State*, (1980) Ind., 405 N.E.

902; *Smith v. State*, (1981) Ind., 422 N.E.2d 1179.

■ Under the statute, the accused receives an additional thirty years for the instant crime because he has been found to be a habitual criminal. IND.CODE 35-50-2-8. The prosecution must show that the immediate conviction is, at least, the accused's third felony conviction. One convicted of a crime and found to be a habitual criminal is not sentenced separately for being a habitual criminal. If the status of being a habitual criminal were to be considered a separate crime, conviction may well be unconstitutional as double jeopardy. *Yager v. State*, (1982) Ind., 437 N.E.2d 454.

■ Here, Durham was found not to be a habitual criminal, however, the conviction that triggered the invocation of the habitual criminal statute was set aside. Consequently, any penalty associated with that conviction was also abandoned. Hence, there is no error in charging Durham again with a violation of the habitual criminal statute upon retrial.

Durham next contends that prosecution on the habitual criminal charge is barred by the doctrine of prosecutorial vindictiveness. Durham relies on *Cherry v. State*, (1981) Ind., 414 N.E.2d 301 for support of his proposition. In *Cherry*, there was an increase in the number and severity of charges refiled after the defendant had prevailed upon appeal.

■ Here, there is no increase in the number or severity of the charges filed. In fact, the only difference is that the State alleged four prior felonies in the new charge, as opposed to only two originally. In *Baker v. State*, (1981) Ind., 425 N.E.2d 98, our supreme court held that the State may reuse prior felony convictions in support of a habitual criminal charge even though a prior habitual offender proceeding based upon the same prior felonies resulted in an acquittal. In addition, the court reasoned that because the prior convictions existed at the time of filing the instant charge, the defendant surely was

aware that a habitual criminal charge might be filed. The same rationale applies to Durham. At the time of filing the original charge, there existed the possibility of a habitual criminal charge being filed against him, alleging up to four prior convictions.

■ *Baker, supra,* also stands for the proposition that where the habitual criminal court charged the defendant with an offense for which he was properly subject to prosecution before the failure of plea negotiations, the filing of the habitual offender count after a breakdown in the plea negotiations, is a justifiable exploitation of legitimate bargaining leverage. We do not find that Durham was in any way penalized for asserting his right to appeal. The filing of the new habitual criminal charge did not constitute prosecutorial vindictiveness.

Judgment affirmed.

BUCHANAN, C.J., and SHIELDS, J., concur.