Anthony C. **DURHAM**, Appellant
(Defendant below),

v.

**STATE** of Indiana, Appellee
(Plaintiff below).

No. 684S235.

Supreme Court of Indiana.

June 15, 1984.

Rehearing Denied July 27, 1984.

Marcus C. Emery, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

■ This case is before this Court upon the defendant's petition to transfer. He contends that the state should not have been allowed to refile the habitual offender count against him as the jury in a prior trial on the same underlying felony made a determination that he was not a habitual offender. The Court of Appeals, Second District, affirmed the trial court's action which allowed the state to reinstate the habitual offender charge against defendant. *Durham v. State*, (1984) Ind.App., 458 N.E.2d 287. Although we likewise affirm the trial court's action, we now grant transfer in order to consider how the United States Supreme Court's decision in *Bullington v. Missouri*, (1981) 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270, affects our case law on this issue. The opinion and decision of the Court of Appeals are hereby vacated. The decision of the trial court is affirmed.

The defendant was convicted by a jury of carrying a handgun without a license, a Class D felony, Ind.Code § 35-47-2-23 (Burns 1983 Supp.) and of the unlawful possession of a portable police radio, a Class B misdemeanor, Ind.Code § 35-44-3-12 (Burns 1979 Repl.). However, the jury also found that defendant was not a habitual criminal, Ind.Code § 35-50-2-8 (Burns 1983 Supp.). Defendant then filed a belated motion to correct errors and the convictions were set aside. The state refiled the charges for the two underlying counts and also filed an amended habitual offender count alleging four prior felony convictions including the two prior convictions which had been the basis of the first habitual offender count. Defendant filed a motion to dismiss the habitual offender information, but the trial court ultimately refused to dismiss it. This appeal followed and defendant now argues that a retrial on the habitual offender count would constitute double jeopardy and that the habitual offender count also should be barred by the doctrine of prosecutorial vindictiveness.

■ We have not before considered a situation in which the state has refiled a habitual offender count along with refiling the underlying felony charges where the jury had previously found defendant not to be a habitual offender in a trial involving the same underlying felonies. However, we have considered other situations in which a habitual offender count is filed against a defendant using the same prior convictions that have been used in a previous habitual offender determination, and we have established certain general principles which guide us here. We have consistently emphasized the unique status of the habitual offender statute and held that it does not establish a separate offense, but rather provides for the imposition of a more severe sentence for the substantive crime charged. We have explained that habitual criminality is a status for the en-

hancement of punishment upon the conviction of an additional, substantive crime. The purpose of the statute is to more severely penalize those persons whom prior sanctions have failed to deter from committing felonies. *Baker v. State*, (1981) Ind., 425 N.E.2d 98; *Comstock v. State*, (1980) 273 Ind. 259, 406 N.E.2d 1164; *Hall v. State*, (1980) 273 Ind. 507, 405 N.E.2d 530; *Norris v. State*, (1979) 271 Ind. 568, 394 N.E.2d 144.

We have further explained that the same prior convictions may be used to establish the status of habitual offender in a later trial when a jury in a previous case has found that the status of habitual offender was not established. We explained our reasoning for this in the following manner:

"It is clear that the habitual offender charge in the instant case is based upon the *fact* of two prior felony convictions. The action of the trial court at the previous habitual offender trial did not operate to 'acquit' defendant of the two prior felony convictions. Its action involved only the sentencing to be imposed upon the 1977 rape charge and a determination of defendant's status as an habitual offender based upon the evidence presented at that time. It is clear that there is nothing to prevent the state from alleging the fact of the prior felony convictions again at the instant trial since those two prior convictions do still exist."

*Hall v. State*, 273 Ind. at 516–517, 405 N.E.2d at 53 (emphasis in original).

The United States Supreme Court has generally held that there are fundamental distinctions between a sentence and an acquittal, such that double jeopardy guarantees do not apply to sentencing determinations. However, they considered the unique aspects of death penalty determinations in *Bullington v. Missouri*, (1981) 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270, and found that a jury decision against the death penalty in a particular case would operate as a final acquittal on the death penalty issue on a retrial of the same case. We find there are significant differ-

ences between a death penalty determination and a habitual offender determination which convince us that *Bullington* does not apply to habitual offender determinations.

The death penalty is the most extreme penalty authorized by law and for that reason alone warrants unique treatment. It can only be applied within the specific facts of a particular case. The habitual offender status, however, is a continuing status of a particular defendant as long as he has two or more felony convictions on his record. The state may use this status any time the defendant commits a further crime and a jury's determination that a defendant is not a habitual offender during a particular trial is not an "acquittal" of that defendant's status as a habitual offender. A defendant cannot be "acquitted" of that status any more than he can be "acquitted" of being a certain age or sex or any other inherent fact. If a defendant can be retried on the basic underlying felonies in a particular case, there is no double jeopardy prohibition against the state also charging him as a habitual offender as long as the prior felonies remain on his record.

In *Bullington*, the Court found that the death penalty procedure there was similar to a trial in many important respects and that the state should not have a second attempt to "prove its case." We pointed out one of the significant differences between a death penalty proceeding and a habitual offender proceeding was that the death penalty proceeding involved a consideration of the particular facts underlying the substantive offense. We explained:

"The recent United States Supreme Court case of *Bullington v. Missouri*, (1981) [451] U.S. [430], 101 S.Ct. 1852, 68 L.Ed.2d 270, is not applicable since it involved a bifurcated death-penalty procedure wherein the jury returned a verdict fixing the punishment at life imprisonment and not at death. The defendant was granted a new trial on the substantive charge. The Supreme Court held that the state could not ask for the death

penalty a second time since the sentencing procedure at the defendant's first trial was like the trial on the question of guilt or innocence and involved a consideration of the particular facts underlying the substantive offense. *Bullington v. Missouri, supra.*

"Because the habitual offender statute does not create new or separate offenses *and the habitual offender proceeding does not deal with the underlying facts on the substantive charge,* the use of prior convictions at more than one habitual offender proceeding does not constitute double jeopardy. Our legislature has decided that an enhanced punishment of thirty additional years is appropriate for all individuals who are convicted of a felony when it is determined that they also have two prior felony convictions. There are no constitutional or collateral estoppel barriers to prevent the state from exacting that punishment each time a different felony is committed as long as the prior convictions do still exist."

*Baker v. State,* 425 N.E.2d at 101 (emphasis added).

In this case, the refiled habitual offender information does not create any new offense against defendant but is a sentencing choice associated with the underlying felony charge. We approve the Court of Appeals' conclusion that:

"the conviction that triggered the invocation of the habitual criminal statute was set aside. Consequently, any penalty associated with that conviction was also abandoned. Hence, there is no error in charging Durham again with a violation of the habitual criminal statute upon retrial."

*Durham v. State,* 458 N.E.2d at 288.

▪ Defendant also contends that the state should be barred from refiling the habitual offender count because of the doctrine of prosecutorial vindictiveness. In *Cherry v. State,* (1981) Ind., 414 N.E.2d 301, we found that there was prosecutorial vindictiveness when the state refiled two counts which had been dismissed after the defendant had been convicted and sentenced on one count. Here, however, there is no increase in the number or severity of the charges filed after defendant's successful appeal.

Furthermore, in *Cherry,* the prosecution had shown satisfaction with the defendant's conviction and sentence on one of three counts because they dismissed the other two counts after sentencing was completed. Later, the prosecution refiled the two dismissed charges when the defendant successfully won a new trial on the single conviction. Those circumstances showed prosecutorial satisfaction with one conviction and reliance thereon by the defendant. There is no evidence of this type of satisfaction with a conviction on one charge in this case. We find that the defendant here was not penalized in any way for asserting his right to appeal and there was no prosecutorial vindictiveness.

For all of the foregoing reasons, transfer is granted; the opinion and decision of the Court of Appeals are vacated, and the trial court's judgment is affirmed.

GIVAN, C.J., and PIVARNIK, J., concur.

DeBRULER, J., dissents with opinion in which PRENTICE, J., concurs.

PRENTICE, J., dissents with opinion.

DeBRULER, Justice, dissenting.

I think the order of the trial court refusing to dismiss the habitual offender count should be reversed with the instructions to grant that dismissal. Upon reading the case of *Bullington v. Missouri,* (1981) 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270, I am convinced from its holding and the reasoning by which it is reached, that it applies to this case and if retried upon the habitual offender count, appellant Durham will have been twice placed in jeopardy of life and limb in violation of the Fifth Amendment, applicable to the states through the Fourteenth Amendment.

The verdicts of the jury were guilty of illegal possession of a firearm, guilty of illegal possession of a police radio, and

following a separate jury sentencing hearing pursuant to I.C. § 35–50–2–8, not guilty of being a habitual offender. A judgment of guilty of the two offenses was rendered accordingly, and a sentence of four years was imposed on one, and six months on the other. A motion to correct errors was granted because the trial judge had not required bifurcation so as to separate the trial on the allegation of a prior bank robbery conviction pursuant to this Court's ruling in *Sweet v. State*, (1982) Ind., 439 N.E.2d 1144. The prosecution then filed its amended habitual offender count, and denial of the defense motion to dismiss it followed.

In *Bullington v. Missouri, supra,* the jury returned a verdict of guilty of murder, and then an additional verdict rejecting the death penalty and fixing the penalty at life imprisonment. One of the aggravating circumstances was "a substantial history of serious assaultive criminal convictions." The defense then filed a motion for a new trial which was granted by the trial judge because of a current decision of the U.S. Supreme Court regarding jury composition. The prosecution then filed a notice that it would seek the death penalty on retrial on the basis of the same aggravating circumstances. The trial court there, unlike the trial court here, struck the notice on a defense motion premised on a double jeopardy bar to the imposition of the death penalty after the jury declined to impose it. The Supreme Court of Missouri reversed the trial court. On certiorari, the U.S. Supreme Court, basing its decision on the double jeopardy clause, reversed.

It has certainly been the general rule that the protection against being twice placed in jeopardy in the Fifth Amendment, unlike the due process clause, does not extend to sentencing processes, and does not protect against a more severe sentence upon retrial and reconviction. *North Carolina v. Pearce,* (1969) 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. Death at the hands of the state is a more severe sentence than life imprisonment, and it is therefore apparent that the Supreme Court departed from the general rule in the *Bullington* case.

As I see it, the fact that death was the more severe sentence is not at all at the core of the court's reasoning, but it provided the impetus for the additional judicial vigilance which uncovered the additional protective aspect of the double jeopardy clause. That which is at the core is the jury's decision reached after a sentencing procedure which had the "hallmarks" of a trial on guilt or innocence. Those hallmarks include (1) a duty of the prosecution to prove additional facts to justify a particular sentence, (2) a separate and identifiable procedure including standards to guide the jury's decision, (3) the binding quality of the jury's decision, (4) proof beyond a reasonable doubt, and (5) the ability of a court to view the procedure and rationally declare whether or not the prosecution has proved its case for the sentence sought. The jury sentencing procedure under our habitual offender statute had these hallmarks, and therefore the jury's verdict resolving the habitual offender claim of the prosecution in favor of the appellant must bar a thirty year enhancement on the basis of the habitual offender statute, of a sentence meted out to him upon retrial and reconviction for these two underlying offenses with which he stands charged. Any such enhancement is, as I see it, now barred by the Fifth Amendment.

PRENTICE, J., concurs.

PRENTICE, Justice, dissenting.

I dissent.

I would not permit the State to refile, in the same case, an habitual offender count, alleging the same two prior felonies upon which a negative finding had previously been returned. It is immaterial that a retrial upon the underlying felony was appropriate following a favorable ruling upon the Defendant's motion to correct errors.

As previously expressed, neither would I permit the filing of an habitual offender count alleging more than two prior felony convictions without also requiring special findings (not now authorized). Under the present practice of permitting more than

two prior convictions to be alleged and a general verdict, it is impossible to determine the convictions, if any, upon which the minds of the jurors met. To permit enhanced sentencing upon such loose procedures opens the door to happenstance enhancement and denies fundamental due process.