**Theodis PRENTICE, Appellant
(Defendant below),**

v.

**STATE of Indiana, Appellee
(Plaintiff below).**

**No. 1183S410.**

Supreme Court of Indiana.

Feb. 18, 1985.

Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville, for appellant (defendant below); Timothy M. Swan, Merrillville, of counsel.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

HUNTER, Justice.

The defendant, Theodis Prentice, was convicted by a jury of theft, a Class D felony, Ind.Code § 35–43–4–2 (Burns 1984 Supp.), and of being a habitual offender, Ind.Code § 35–50–2–8 (Burns 1984 Supp.). He was sentenced to the Indiana Department of Correction for a term of thirty-three years. In this direct appeal defendant raises the following five issues:

1. Whether the trial court erred by failing to grant defendant's motion for judgment on the evidence;

2. Whether there was sufficient evidence to support the verdicts of the jury;

3. Whether the trial court erred by refusing to give defendant's orally tendered instruction;

4. Whether the trial court erred by allowing the introduction of certain evidence over defendant's objection; and

5. Whether the sentence of thirty-three years constitutes cruel and unusual punishment.

A brief summary of the facts from the record most favorable to the state shows that in January, 1983, Christine Wright witnessed a man drive off with her 1973 Catalina Pontiac. Wright did not know defendant nor did she give anyone permission to use her car in January, 1983.

On January 25, 1983, Albert Horton, an auxiliary police officer with the Gary Police Department, observed a stationary vehicle with three occupants in an alley. Policeman Horton approached the vehicle to investigate in accordance with police procedures. When Officer Horton directed the police car spotlight on the vehicle, the vehicle proceeded to move one-half block. The officer then activated his red dome light and the vehicle continued to move. After the police car siren was turned on, the vehicle came to a halt. Officer Horton asked the driver to present his driver's license and vehicle registration. Since the driver did not have either of the requested documents, the officer ran a V.I.N. check and a license plate check. The vehicle, a 1973 Catalina Pontiac, was registered to Wright. The driver, Theodis Prentice, and two passengers, Roy White and Laverne Young, were arrested.

I. and II.

Due to their similarity, we are consolidating defendant's arguments on the first two issues.

Defendant first contends that there was insufficient evidence to support the conviction for theft. Defendant argues that the

evidence merely established the presence of defendant and two passengers on January 25, 1983, in the car owned by Wright and does not prove beyond a reasonable doubt that defendant was the person who actually took the car in January, 1983.

The elements of the crime of theft are defined in Ind.Code § 35–43–4–2 (Burns 1984 Supp.) as: "A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony."

In a review for sufficient evidence the function of this Court is to look only to the evidence most favorable to the state and all reasonable inferences to be drawn therefrom. This Court does not weigh conflicting evidence nor judge the credibility of witnesses. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *McNary v. State*, (1984) Ind., 460 N.E.2d 145; *Loyd v. State*, (1980) 272 Ind. 404, 398 N.E.2d 1260.

■ It is well settled that unexplained possession of recently stolen property is a fact from which a jury may infer guilt. *Short v. State*, (1982) Ind., 443 N.E.2d 298; *Muse v. State*, (1981) Ind., 419 N.E.2d 1302. Evidence that defendant was driving a car prior to an accident is a sufficient basis from which the jury may properly infer the necessary unauthorized control of the car. *Presley v. State*, (1973) 155 Ind.App. 419, 293 N.E.2d 52.

■ However, it is also true, as defendant contends, that where a considerable length of time has elapsed from the time of the theft to the date of arrest, it is necessary to show that defendant had exclusive possession of the stolen property during that interim period to permit an inference of guilt for the crime of theft. *Muse v. State*, 419 N.E.2d at 1304.

Defendant argues that since the specific date in January on which the theft occurred was not established, there is a possibility of a twenty-four day lapse between the theft date and the date of his arrest. He contends that this is such a considerable length of time between the theft and his arrest that his possession of the car on January 25, 1983, was not sufficient evidence to support his conviction of theft.

However, in *Muse*, 419 N.E.2d at 1304, an approximate eighteen-day lapse between the theft of the van and defendant's possession was deemed by this Court to be sufficient evidence of probative value to support the jury verdict. It is clear that "[c]loseness of time is only one fact to be weighed with all others in drawing an inference of guilt from circumstantial evidence." *Ward v. State*, (1973) 260 Ind. 217, 220; 294 N.E.2d 796, 798. In *Morgan v. State*, (1981) Ind.App., 427 N.E.2d 1131, 1133, the court enunciated the following recency test:

"In determining whether possession is 'recent,' we consider not only the length of time between the theft and the possession but also the circumstances of the case (such as defendant's familiarity or proximity to the property at the time of the theft) and the character of the goods (such as whether they are readily salable and easily portable or difficult to dispose of and cumbersome)."

■ In this case, defendant's unexplained possession of the stolen car within a short period after the theft, in combination with his inability to show vehicle registration or owner permission for the car he was driving, was sufficient additional evidence to establish possession of recently stolen property.

Defendant further argues that the state must also prove that he was the individual who actually took possession of Wright's car since at the time of arrest there was a male passenger in the car. In support of this argument he cites *Bond v. State*, (1971) 257 Ind. 95, 272 N.E.2d 460. In that case this Court found the evidence was insufficient to support any determination as to which of three women committed the act of taking and carrying a dress from a store. We stated: "[T]he triers of the fact have no right to pick one out of the group

and hold such person guilty without some specific evidence pointing to the guilt of that particular individual." *Bond v. State,* 257 Ind. at 99, 272 N.E.2d at 463.

In this case, there is other evidence pointing to defendant's guilt. Additional evidence which indicates the individual guilt of defendant is the testimony of Laverne Young, defendant's sister, and the testimony of Officer Horton. Young was a passenger in the Pontiac on the arrest date of January 25, 1983. The night of January 25, 1983, Young told the Gary police that she saw defendant in the same car with a woman driver a week prior to his arrest. On May 19, 1983, Young testified at the deposition that she saw defendant in the same car with a woman driver two to three days prior to the arrest date. However, Young's in-court testimony at the June 27, 1983, trial of defendant was inconsistent as to whether it was the same car.

Defendant maintains that while testimony of a lone witness for the state does not in itself render the evidence insufficient to establish guilt beyond a reasonable doubt, there may not be substantial evidence of probative value from which the jury could infer the existence of each material element beyond a reasonable doubt when the testimony is weak. *Bryant v. State,* (1978) 268 Ind. 498, 376 N.E.2d 1123. We reversed a criminal conviction based upon insufficient evidence when eyewitness testimony was characterized as "vacillating, contradictory, and uncertain." *Gaddis v. State,* (1969) 253 Ind. 73, 251 N.E.2d 658. The insufficiency determination was based on equivocal eyewitness testimony which was the only evidence. Here, Young's testimony was additional evidence of defendant's guilt but was not the only evidence of that guilt.

■ The state also showed that defendant did not have any registration for Wright's car or any sales receipt or other indication that he was the legal owner of that car. Furthermore, there was evidence of attempted flight. Officer Horton testified that defendant drove the car one-half block when the police car spotlight was turned on the car. Defendant argues that the facts do not substantiate an attempt to flee in accordance with Ind.Code § 35–44–3–3 (Burns 1984 Supp.). The facts may not satisfy the requisite elements of resisting law enforcement but neither was defendant so charged. However, the facts do show that defendant may have attempted flight when approached by the police. A jury may infer guilt based upon attempted flight since such conduct often shows consciousness of guilt. *Thomas v. State,* (1970) 254 Ind. 561, 261 N.E.2d 224; *Lee v. State,* (1981) Ind.App., 419 N.E.2d 825.

■ The record here indicates defendant was driving the stolen car within a few days of theft and did not have registration for the car nor owner permission to drive that car. There was also evidence of defendant's attempted flight from the police. From all the circumstances discussed, the trial court did not err by failing to grant defendant's motion for judgment on the evidence and we find that there was sufficient evidence of probative value to support the jury's verdict.

### III.

Defendant contends the trial court erred by failing to grant his request for an instruction that "mere presence at the scene of the crime is insufficient for a conviction."

Ind.Code § 35–37–2–2(6) (Burns 1984 Supp.) requires, in pertinent part, that:
"If the prosecuting attorney, the defendant, or his counsel desires special instructions to be given to the jury, these instructions must be:
(A) Reduced to writing;
(B) Numbered;
(C) Signed by the party, or his attorney, who is requesting the special instructions; and
(D) Delivered to the court;
before the commencement of the argument. A charge of the court or any special instructions, when written and given by the court under this subdivision, may not be orally qualified, modified, or

in any manner orally explained to the jury by the court."

■ These statutory requirements regarding the proper form for tendered instructions are strictly construed by this Court. Even if a written instruction is tendered, failure to number and sign such instruction waives any error regarding the trial court's refusal to include the instruction. *Harding v. State*, (1984) Ind., 457 N.E.2d 1098; *Askew v. State*, (1982) Ind., 439 N.E.2d 1350. Defendant cannot predicate error on the trial court's refusal to give an instruction that is not written. It is well settled that failure to tender an instruction in writing waives the error, if any, of not giving a requested instruction. *Lane v. State*, (1983) Ind., 451 N.E.2d 659; *Thomas v. State*, (1983) Ind., 443 N.E.2d 1197; *Begley v. State*, (1981) 275 Ind. 235, 416 N.E.2d 824. Failure to tender a written instruction constitutes a waiver of the right to challenge the trial court's refusal to so instruct the jury. Accordingly, we will not consider it further.

### IV.

Defendant next contends that state exhibits numbered one through three were improperly admitted into evidence during the habitual offender hearing. The predicate upon which this argument is based is threefold: improper authorization, improper foundation, and redaction.

Exhibit number one is comprised of a copy of an information for theft in Lake County, Indiana. The clerk of the Lake Superior Court certified that he was the keeper of the records and that "the above and foregoing is a full, true and complete copy of the information filed." The seal of the court was affixed to the certification.

State exhibit two included copies of a photograph of a numbered inmate, a fingerprint card, and a commitment order from Lake Superior Court. The official keeper of the records for the Indiana Reformatory certified that the attached documents "are true and complete copies of the record of Theodis Prentice as these records are numbered in this office." His name

was subscribed and the seal of the Indiana Department of Correction affixed thereto.

Copies of a photograph, fingerprint card, commitment order, inmate description, and information for theft were included in state exhibit three. The official keeper of the records for the Indiana State Prison certified that the attached documents "are true and complete copies of the records of Theodis Prentice as these records are numbered in this office." The record keeper subscribed his name and affixed the seal of the Indiana Department of Correction to his certification.

■ Defendant argues there was insufficient attestation since the state failed to show that the copies were attested by a person authorized to make attestation as required by Trial Rule 44(A)(1), which requires, in pertinent part:

"An official record ... may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy. Such publication or copy need not be accompanied by proof that such officer has the custody. Proof that such officer does or does not have custody of the record may be made by the certificate of a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office."

We have previously held that Ind.R.Tr.P. 44 is to be considered as an alternative to other methods of authentication authorized by law and that, in any event, while Ind.R. Tr.P. 44(A)(1) permits proof that the attesting officer is the legal custodian of the records, it does not require such proof. *Collins v. State*, (1981) 275 Ind. 86, 415 N.E.2d 46. Specifically, the rule provides that official records may be attested by the officer having legal custody of the records. Thus, the exhibits in this case were proper-

ly authenticated by the keeper of the records in each instance. The information in exhibit one was certified by the court clerk as being a true copy of the original record on file in the court and this constitutes compliance with Ind.R.Tr.P. 44(A)(1).

Defendant contends that the commitment order attached to state exhibit two is improper because the Indiana Department of Correction should not attest to records originating in the Lake Superior Court. In *Thomas v. State*, (1983) Ind., 443 N.E.2d 1197, this Court did not find error in admitting an exhibit of records from a correctional institution which included a copy of the commitment, photograph, and fingerprint card. Similar to the facts herein, these documents were "certified to be true and correct copies of the institution's records by the custodian of the records." *Thomas v. State*, 443 N.E.2d at 1200. The commitment order was properly authenticated by the keeper of the records and was therefore properly admitted.

Defendant also argues that the Indiana Department of Correction should not be able to certify the information attached to state exhibit three since this record originated in the Lake Superior Court. As we discussed above in *Thomas*, 443 N.E.2d at 1200, we found that the commitment order, which did not originate in the correctional institution but rather was a record of the correctional institution in which defendant was incarcerated, was properly authenticated. We similarly find that the attached information was properly authenticated.

■ Defendant also argues that state exhibits numbered one to three were improperly admitted because there had not been a proper foundation. Certification and seal by the official keeper of the records constitutes sufficient foundation for their admission. *Maisonet v. State*, (1983) Ind., 448 N.E.2d 1052; *Graham v. State*, (1982) Ind., 441 N.E.2d 1348.

■ Defendant's motion to correct errors states an objection to redaction in state exhibits numbered two and three, but defendant does not present a redaction argument in his brief. Ind.R.Ap.P. 8.3(A)(7) requires "[e]ach error assigned in the motion to correct errors that appellant intends to raise on appeal shall be set forth specifically and followed by the argument applicable thereto.... Any error alleged in the motion to correct errors not treated as herein directed shall be deemed waived." We therefore find that defendant's failure to include a redaction argument in his brief constitutes a waiver.

■ Finally, defendant argues state exhibit number four is irrelevant. Exhibit number four is a fingerprint card of the defendant, dated, and signed by both defendant and the officer who took the impressions. The purpose of this exhibit was identity: to show that a comparison of fingerprint cards in exhibits number two and number three revealed they were impressions of the same individual. Since the issue in a habitual proceeding is whether defendant has been found guilty and sentenced for the prior unrelated offenses charged, *Williams v. State*, (1982) Ind., 431 N.E.2d 793, identity is a material fact and thus the fingerprint card was relevant.

### V.

Defendant argues that imposition of a thirty-three year sentence is cruel and unusual punishment because it "effectively steals the normal vital life span of a human being." This argument is essentially based on the theory that the nature of the criminal activity did not involve threats of physical harm to another individual or any permanent property damage and, therefore, was not a serious crime.

■ It is well recognized that the mandatory thirty year sentence imposed upon the conviction of being a habitual offender is not so disproportionate to underlying property offenses as to constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. *Wells v. State*, (1982) Ind., 441 N.E.2d 1366; *Short v. State*, (1982) Ind., 443 N.E.2d 298; *Comstock v. State*, (1980) 273 Ind. 259, 46 N.E.2d 1164. While defendant's crime could be classified

as nonviolent, it was also a serious crime of theft. Moreover, other individuals in this state are serving similar sentences for crimes of theft when they have two or more prior unrelated felony convictions.

This Court has long recognized that the purpose of the habitual offender statute is to penalize more severely those persons whom prior sanctions have failed to deter from committing felonies. *Howard v. State*, (1984) Ind., 467 N.E.2d 1; *Comstock v. State*, (1980) 273 Ind. 259, 406 N.E.2d 1164. While defendant's sentence was imposed on the conviction of a nonviolent theft, this sentence was imposed because previously defendant had been twice convicted of felonies.

Defendant further argues that precedent should be cast aside to effect a reduction in the mandatory sentence imposed on habitual offenders when the underlying crimes are nonviolent felonies. However, any such determination is strictly one of legislative policy. *Rummel v. Estelle*, (1980) 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382; *Comstock v. State*, (1980) 273 Ind. 259, 406 N.E.2d 1164.

Thus, given the purpose of the habitual offender statute and our own prior decisions, we hold that the thirty-three year sentence imposed on defendant did not violate the Eighth Amendment to the United States Constitution.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

PRENTICE, J., concurs in result.