**Donnie J. COUCH, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 785S290.

Supreme Court of Indiana.

April 14, 1986.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Donnie J. Couch was convicted of burglary, a class B felony, and theft, a class D felony, at the conclusion of a jury trial in the Marion County Superior Court. Appellant was sentenced to twelve (12) years for burglary and four (4) years for theft, to be served concurrently. On direct appeal, the sole issue for our consideration is whether there is sufficient evidence to sustain the verdict of the jury.

Where sufficiency of the evidence is challenged, we will neither weigh the evidence, nor judge the credibility of witnesses; rather we will look to the evidence most favorable to the State together with all reasonable inferences therefrom. If there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt, the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937.

The evidence in the present case is as follows. Terry Christ left his home on December 20, 1983. All of his windows and doors were locked, but when he returned on January 2, 1984, his home had been broken into and numerous items were missing. On December 28, 1983, eight days after Christ left his home, Appellant was at a party and was in exclusive possession of Christ's high school ring, one of the items subsequently found to have been taken in the burglary. Appellant told John Howard he had something to show him and took him into the bathroom for five or ten minutes. While in the bathroom, Appellant sold Christ's class ring to Howard. Howard's girlfriend subsequently pawned the ring. Detective Lyday traced the ring back to her and got Appellant's name from her. Lyday confronted Appellant and stated that Appellant burglarized Christ's home, and Appellant replied, "Yes, I did." Appellant then told Lyday he might be able to return some of the stolen property. Appel-

lant also told his parole officer that he "had been involved" in the theft and burglary, and was trying to return the stolen property.

Appellant argues this is not sufficient evidence upon which to base his conviction. He contends first that his admissions are highly suspect, but does not support this argument with any evidence from the record. Appellant's admissions were put into evidence *via* testimony of Lyday and Appellant's parole officer. At that point it became a decision for the jury as to what weight to attribute to the evidence, and we will not second-guess the jury's decision.

The admissions must be corroborated by other probative evidence, and Appellant's second contention is that there was no such evidence. We disagree. Aside from the admissions, there was evidence of a secretive transaction between Appellant and Howard, at which time the stolen ring was sold. There was also evidence that Appellant had exclusive possession of the stolen right eight days after Christ left his home. Since the time of the burglary was never determined, this possession could be anywhere from 0–8 days after the burglary and theft. Appellant keys on an eight day span and insists that is too long a time to allow an inference of guilt to be drawn. In *Prentice v. State* (1985), Ind., 474 N.E.2d 496, 499, we held that closeness of time is only one fact to be weighed in drawing an inference of guilt from circumstantial evidence, and that in determining whether possession is recent we should consider not only the length of time between the theft and possession, but also the surrounding circumstances and the character of the goods. Here the admissions are indeed corroborated by the secretive transaction and by Appellant's exclusive possession of the ring soon after the theft. The jury considered the evidence together and found it sufficient to convict Appellant. On review Appellant has not shown us that the jury erred in doing so. Under our standard set forth above from *Harris*, we find the

evidence is sufficient to sustain the conviction.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.