**Jesse Steven COLLINS, Petitioner,**

v.

**Jack R. DUCKWORTH, Warden, and Indiana Attorney General, Respondents.**

**No. S 82–6.**

United States District Court,
N.D. Indiana,
South Bend Division.

March 28, 1983.

Jesse Steven Collins, pro se.

Linley E. Pearson, Atty. Gen. of Indiana, Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case is presently before the Court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The petitioner, Jesse Steven Collins, is an inmate at the Indiana State Prison, Michigan City, Indiana, where he is currently serving a sentence of two years for attempted theft and thirty years for being an habitual offender. A direct appeal from these convictions was taken, and the judgment of the trial court was affirmed by a unanimous Supreme Court of the State of Indiana. *Collins v. State of Indiana,* Ind., 415 N.E.2d 46 (1981). Pursuant to *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the complete state court record has been examined by this Court.

Petitioner raised four issues on his direct appeal to the Supreme Court of Indiana:

1. Whether the Recidivist Penalty which can be sought at the prosecutor's discretion violates the Equal Protection

Clause of the United States Constitution.

2. Whether I.C. 35–50–2–8 has an Ex Post Facto effect violative of the Constitution.

3. Whether judgment was required to be entered on the jury's verdict conviction of attempted theft prior to a trial being conducted on the habitual offender charge.

4. Whether the trial court erred in allowing two deputy prosecutors to testify against the defendant concerning prior convictions.

■ Petitioner argues that the statutory discretion vested in the prosecutor under Ind.Code § 35–50–2–8 to seek the recidivist penalty for habitual offenders violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. However, the clear weight of authority is to the contrary. See, e.g., *United States v. Aleman,* 609 F.2d 298 (7th Cir.1979), *cert. den.,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980); *United States v. Neary,* 552 F.2d 1184 (7th Cir.), *cert. den.,* 434 U.S. 864, 98 S.Ct. 197, 54 L.Ed.2d 139 (1977); *United States v. Inendino,* 463 F.Supp. 252 (N.D.Ill.1978), *aff'd,* 604 F.2d 458 (7th Cir.), *cert. den.,* 444 U.S. 932, 100 S.Ct. 276, 62 L.Ed.2d 190 (1979). Equally, where a sentence imposed is within the limits set by law its severity is not grounds for relief under federal habeas corpus. *United States ex rel. Sluder v. Brantley,* 454 F.2d 1266 (7th Cir.1972); *United States ex rel. Gardner v. Meyer,* 519 F.Supp. 75 (N.D.Ill.1981); *Phegley v. Greer,* 497 F.Supp. 519 (C.D.Ill.1980).

In this case petitioner had been convicted of three prior unrelated felonies before his conviction as an habitual offender. Therefore, his subsequent hearing and sentencing on the habitual criminal charge provides nothing more than an enhanced penalty for a third, unrelated felony. See, e.g., *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); *Chandler v. Fretag,* 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954); *Moore v. Missouri,* 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301 (1895).

■ Petitioner raises as his second line of collateral attack the argument that Ind. Code § 35–50–2–8 had an *ex post facto* effect violative of the Constitution of the United States because his two prior felony convictions occurred before October 1, 1977 under the earlier criminal code (Ind.Code § 35–8–8–1 (1976)). However, petitioner's argument is misplaced in that it ignores the fact that the habitual offender statute's enhanced penalty is imposed neither for the prior crimes nor for his status as an habitual offender, but rather for the underlying crimes in the current proceeding. Thus, the statute to be applied is the one in effect at the time that the underlying crime was committed. *McDonald v. Massachusetts,* 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1900). In *McDonald,* the Supreme Court considered the identical issue presented in this case and declared that a recidivism statute's "punishment is for the new crime only .... The statute imposing a punishment on none but future crimes, is not *ex post facto.*" 180 U.S. at 313, 21 S.Ct. at 390. See also, *Montgomery v. Bordenkircher,* 620 F.2d 127 (6th Cir.), *cert. den.,* 449 U.S. 857, 101 S.Ct. 155, 66 L.Ed.2d 71 (1980); *Rummell v. Estelle,* 587 F.2d 651 (5th Cir.1978), *aff'd,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Since in the present case the attempted theft occurred after the new habitual criminal statute had gone into effect, there was no *ex post facto* violation.

■ Petitioner argues as a third line of attack that Ind.Code § 35–50–2–8(c) precludes his being tried on the habitual offender count because the trial court had not entered judgment on the jury verdict finding him guilty of attempted theft.

The Supreme Court of Indiana has construed Ind.Code § 35–50–2–8(c) in light of prior decisions interpreting the general sentencing provision of Ind.Code § 35–4.1–4–1 to hold that the terms "judgment" and "sentence" are synonymous, so long as the defendant was properly sentenced. *Schalkle v. State,* Ind., 396 N.E.2d 384 (1979); *McMinoway v. State,* 260 Ind. 241, 294

N.E.2d 803 (1973). Accordingly, the Supreme Court of Indiana concluded that Ind. Code § 35–50–2–8 did not require reversal when the trial court failed to enter judgment on the underlying felony prior to commencing the second phase of the bifurcated proceeding. Thus, since this Court is ordinarily bound to accept the interpretation of Indiana law rendered by the highest court of the state, petitioner's constitutional rights were not violated by the trial court's proceeding to hearing upon the second phase of the matter prior to the entry of judgment on the attempted theft conviction. See, *Groppi v. Wisconsin,* 400 U.S. 505, 91 S.Ct. 490, 27 L.Ed.2d 571 (1971); *Kingsley International Pictures Corp. v. Regents,* 360 U.S. 684, 79 S.Ct. 1362, 3 L.Ed.2d 1512 (1959). In *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), *reh. den.,* 386 U.S. 969, 87 S.Ct. 1016, 18 L.Ed.2d 125 the Supreme Court declared "it has never been thought that such cases establish this Court as a rule making organ for the promulgation of state rules of criminal procedure[, a]nd none of the specific provisions ordains this Court with such authority." 385 U.S. at 564, 87 S.Ct. at 654. See also, generally, *Jenkins v. United States,* 555 F.2d 1188 (4th Cir.1977).

Petitioner raises as his final argument that the acts of the state trial court in permitting two deputy prosecutors to testify against him was constitutional error.

A review of the record discloses that the two deputy prosecutors identified petitioner as the same person who had entered a plea of guilty to possession of heroin, a felony, for which he was sentenced to a term of two years' imprisonment. (R. 258–260, 262–268).

Evidentiary questions are ordinarily questions solely of state law. Thus, the mere fact that evidence admitted at trial as relevant shocks the sensibilities (not the case here) is not, in and of itself, violative of due process. *Lisenba v. California,* 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166 (1941). Accordingly, it is not the role of a federal habeas court to correct state court evidentiary errors, even if such be present in the record, unless they so tainted the trial as to render it fundamentally unfair. *Cramer v. Fahner,* 683 F.2d 1376 (7th Cir.), *cert. den.,* —— U.S. ——, 103 S.Ct. 376, 74 L.Ed.2d 509 (1982); *United States ex rel. Clark v. Fike,* 538 F.2d 750 (7th Cir.1976), *cert. den.,* 429 U.S. 1064, 97 S.Ct. 791, 50 L.Ed.2d 781 (1977); *United States ex rel. Bibbs v. Twomey,* 506 F.2d 1220 (7th Cir.1974), *app. after remand,* 538 F.2d 151 (1976) (*en banc*), *cert. den.,* 429 U.S. 1102, 97 S.Ct. 1126, 51 L.Ed.2d 551 (1977). This is in keeping with the general rule that the "[a]dmission of evidence is 'peculiarly within the province of the trial judge' who has 'wide latitude and discretion in such matters.'" *Cramer v. Fahner, supra,* at 1385 and cases cited thereat. Accordingly, allowing the testimony of a deputy prosecutor for the sole purpose of identifying the petitioner as the same individual who committed two prior felonies for which convictions had been obtained cannot be deemed to have been so egregious as to have rendered the trial fundamentally unfair. *Jones v. Estelle,* 622 F.2d 124 (5th Cir.1980). See also, *Johnstone v. Swenson,* 363 F.2d 643 (8th Cir.1966) (testimony of prosecutor linking defendant to two prior felony convictions, thereby bringing defendant within scope of state habitual offender law, did not violate due process nor cause an unfair trial).

Therefore, after a careful review of the complete state record, and there appearing no basis for the issuance of the writ, the petition for writ of habeas corpus is hereby DENIED. SO ORDERED.