**Gregory A. BAKER, D.O.C. 17554, Petitioner-Appellant,**

v.

**Jack R. DUCKWORTH and Attorney General of the State of Indiana, Respondent-Appellee.**

**No. 83–1710.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 1, 1984.

Decided Jan. 7, 1985.

Shelly Heger, Legal Intern, Notre Dame Law School, Notre Dame, Ind., for petitioner-appellant.

Sabra A. Weliever, Deputy Atty. Gen., Indianapolis, Ind., for respondent-appellee.

Before WOOD, Circuit Judge, PELL, Senior Circuit Judge, and GRANT, Senior District Judge.*

PELL, Senior Circuit Judge.

A Marion County, Indiana, jury convicted petitioner Gregory A. Baker of theft, a Class D felony, on November 19, 1979. At that trial, the jury found that Baker was not an habitual offender, and thus the trial court did not enhance Baker's theft sentence. On November 21, 1979, the Marion County prosecutor amended an unrelated, pending theft information against Baker to include an habitual offender count. The Marion County prosecutor added this habit-

---

* Robert A. Grant, Senior District Judge for the Northern District of Indiana, sitting by designation.

ual offender count to the pending theft charge after plea bargaining attempts with Baker proved unsuccessful. The habitual offender count alleged the same two prior felony convictions that formed the basis of the first habitual offender count against Baker, as well as a third prior felony conviction which was not presented to the jury at Baker's November 19, 1979 trial. On November 26, 1979, a second Marion County jury convicted Baker of theft and also found that he was an habitual offender. As a consequence, the trial court enhanced Baker's sentence on the underlying theft conviction by an additional thirty years.

Baker appealed from this judgment of conviction, claiming, among other things, that the enhancement of his second theft sentence violated the Double Jeopardy Clause and the Due Process Clause of the federal constitution. The Indiana Supreme Court rejected his contentions. *Baker v. State*, 425 N.E.2d 98, 101 (Ind.1981). Baker then sought habeas corpus relief from the United States District Court for the Southern District of Indiana on the same bases. Judge Cale J. Holder of that court determined that no evidentiary hearing would be necessary to evaluate Baker's habeas corpus claims. Judge Holder ruled that the enhancement of Baker's second theft sentence violated neither the guaranty against double jeopardy, the principles of collateral estoppel, nor the Due Process Clause because the applicable habitual offender statute did not create a distinct crime. Baker appeals from the district court's denial of habeas corpus relief to this court.

■ This court agrees that Indiana's habitual offender statute, IND.CODE ANN. § 35–50–2–8 (Burns Supp.1984), does not create a separate crime. Rather, the statute authorizes the enhancement of a convicted felon's sentence for an underlying felony, if the convict has accumulated at least two prior unrelated felony convictions. *Id.* The Supreme Court consistently has acknowledged this function of recidivist statutes. *See, e.g., Chandler v. Fretag*, 348 U.S. 3, 7, 75 S.Ct. 1, 3, 99 L.Ed. 4

(1954); *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948). As the Court aptly noted in *Gryger v. Burke*, 334 U.S. at 732, 68 S.Ct. at 1258:

> The sentence as a[n] ... habitual criminal is not to be viewed as a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is to be considered an aggravated offense because a repetitive one.

Thus, an habitual criminal who receives an enhanced sentence pursuant to an habitual offender statute does not receive additional punishment for his previous offenses, or punishment for his recidivist status as such, but rather receives a more severe punishment for his most recent felonious offense. *United States v. Dowd*, 271 F.2d 292, 295 (7th Cir.1959), *cert. denied*, 362 U.S. 978, 80 S.Ct. 1063, 4 L.Ed.2d 1013 (1960); *Collins v. Duckworth*, 559 F.Supp. 541, 543 (N.D.Ind.1983); *Smith v. State*, 422 N.E.2d 1179, 1186 (Ind.1981).

■ The use of prior convictions to enhance a convict's sentence in this manner does not violate the guaranty against double jeopardy because the convict is not twice tried or punished for the same offense. *Dorton v. State*, 419 N.E.2d 1289, 1297 (Ind.1981). Nevertheless, petitioner Baker contends that the sequence of events leading up to his enhanced sentence on the second theft conviction did subject him to double jeopardy. Baker argues that the first jury's finding that he was not an habitual offender, based upon the two prior felony convictions presented to the jury for consideration, operated as an acquittal on the habitual offender count. Thus, Baker argues that the Double Jeopardy Clause barred the Marion County prosecutor from presenting the same two felonies to the second jury at the habitual offender phase of Baker's second trial for theft.

■ This court finds that Baker misinterprets the protections afforded to criminal defendants by the Double Jeopardy Clause. Specifically, Baker fails to comprehend the difference between a jury's acquittal of a defendant on the issue of

guilt or innocence and a jury's (or a court's) imposition of a lesser sentence in favor of a greater one. The Supreme Court recently underscored this difference in *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), where the majority observed that "the pronouncement of sentence has never carried the finality that attaches to an acquittal." *Id.* at 133, 101 S.Ct. at 435. The Court therefore determined that "for double jeopardy finality purposes, the imposition of the sentence [was not] an 'implied acquittal' of any greater sentence." *Id.* The Court reaffirmed this analysis of sentencing under the Double Jeopardy Clause in *Bullington v. Missouri*, 451 U.S. 430, 438, 101 S.Ct. 1852, 1857, 68 L.Ed.2d 270 (1981), where the Court nonetheless decided that a jury's imposition of life imprisonment operated as an implied acquittal of the death penalty. *Id.* at 445, 101 S.Ct. at 1861. The *Bullington* Court confronted, however, a resubmission of the death penalty after one jury had declined to impose it for the same underlying homicide. In this case, unlike *Bullington*, two independent juries considered Baker's prior criminal record in sentencing him for two unrelated thefts. Under these circumstances, this court cannot find that the first jury's decision not to enhance Baker's first theft sentence operated as an acquittal of his habitual offender status with regard to a subsequent, and distinct theft.

Other federal courts which have addressed analogous issues have concluded that submission of identical prior felony convictions at the habitual offender phases of disparate felony trials does not subject a criminal defendant to double jeopardy. *Sudds v. Maggio*, 696 F.2d 415, 417–18 (5th Cir.1983); *Montgomery v. Bordenkircher*, 620 F.2d 127, 129 (6th Cir.1980), *cert. denied*, 449 U.S. 857, 101 S.Ct. 155, 66 L.Ed.2d 71. In *Sudds v. Maggio*, for example, the Fifth Circuit reasoned:

> Since Double Jeopardy principles are not offended by the use of a prior felony conviction to enhance punishment, ... we see no logical reason why it should be impermissible to use the same prior conviction to enhance sentences on more than one subsequent conviction. Such a restriction would greatly reduce the utility of tiered habitual offender statutes (where the sentence is enhanced to one degree for the second conviction, to another degree for the third, and so on), since a criminal who was convicted as a second offender could not then be convicted as a third offender until he had committed two more crimes. We therefore see no reason, in logic or in law, to adopt [petitioner's] contention.

*Sudds v. Maggio*, 696 F.2d at 417–18 (citations omitted). The Indiana Supreme Court, furthermore, employed analysis similar to the analysis in these federal cases in a recent decision where the court determined that double jeopardy allowed resubmission of a defendant's prior convictions at a retrial following reversal of his conviction, even though the first jury had declined to find defendant an habitual offender. *Durham v. State*, 464 N.E.2d 321, 325 (Ind.1984). The court found "significant differences" between the death penalty determination in *Bullington* and an habitual offender determination, and these differences convinced the court that *Bullington* should not apply to habitual offender proceedings. *Id.* at 324. The Second Circuit, finally, determined in a related case that use of a defendant's prior crimes to enhance a felony sentence, followed by a later trial for those crimes, did not subject the defendant to double jeopardy. *United States v. Piteo*, 726 F.2d 53, 54–55 (2d Cir.1984) (per curiam), *cert. denied*, — U.S. ——, 104 S.Ct. 2390, 81 L.Ed.2d 348.

In *Bullard v. Estelle*, 665 F.2d 1347, 1349 (5th Cir.1982), *vacated*, 459 U.S. 1139, 103 S.Ct. 776, 74 L.Ed.2d 987 (1983), the Fifth Circuit reached a contrary conclusion and held that a finding of insufficient evidence to establish that the defendant committed a prior offense prevented the government from introducing further evidence of that prior offense at a second enhancement proceeding. The Supreme Court vacated the *Estelle* holding, however, and remanded the case to the Fifth

Circuit for analysis of state and not federal constitutional law grounds. *Estelle v. Bullard*, 459 U.S. 1139, 103 S.Ct. 776, 74 L.Ed.2d 987 (1983). In addition, the Fifth Circuit confronted in *Estelle* a second attempt by the government to secure sentence enhancement on one underlying charge, rather than an attempt to secure enhancement on a subsequent felony offense. Thus, the Fifth Circuit's analysis in *Estelle* is inapposite to petitioner's case. This court accordingly holds, consistently with *Sudds v. Maggio*, 696 F.2d 415 (5th Cir.1983), and *Montgomery v. Bordenkircher*, 620 F.2d 127 (6th Cir.1980), *cert. denied*, 449 U.S. 857, 101 S.Ct. 155, 66 L.Ed.2d 71, that enhancement of petitioner's second theft sentence by use of his prior felony convictions did not subject petitioner to double jeopardy.

■ In addition, this court finds that enhancement of Baker's second theft sentence did not violate the principles of collateral estoppel. In *Ashe v. Swenson*, 397 U.S. 436, 445, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469 (1970), the Supreme Court determined that the Fifth Amendment's guaranty against double jeopardy embodied these principles.[1] The Court explained in *Ashe* that collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id.* at 443, 90 S.Ct. at 1194. The Court recognized that it would be difficult to identify what issues of ultimate fact were determined by certain final judgments, however, and therefore directed lower courts to inquire "whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Id.* at 444, 90 S.Ct. at 1194, quoting Mayers & Yarbrough, Bis Vexari: *New Trials and Successive Prosecutions*, 74 HARV.L.REV. 1,

38–39 (1960). *See also United States v. Russotti*, 555 F.Supp. 1236, 1243 (W.D.N.Y. 1983), *aff'd*, 717 F.2d 27 (2d Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 1273, 79 L.Ed.2d 678 (1984).

In this case, petitioner seeks to foreclose from the second jury's consideration the two prior felony convictions which were presented to the first jury at his first trial for theft. Petitioner argues that the first jury's failure to declare him an habitual offender, based on these prior convictions, collaterally estopped the prosecution to present the convictions at the habitual offender phase of Baker's second theft trial.

■ This court disagrees. First, this court cannot ascertain with certainty the basis for the first jury's refusal to declare petitioner an habitual offender. The jury may have decided that the prosecution failed to prove Baker's previous convictions beyond a reasonable doubt, as required by statute. IND.CODE ANN. § 35–50–2–8(d) (Burns 1979). Alternatively, the jury may have decided that even though the prosecution had proved Baker's prior convictions beyond a reasonable doubt, Baker did not deserve an enhanced sentence. This court notes that the habitual offender statute which was in force at the time of Baker's theft trials permitted the exercise of jury discretion with respect to an habitual offender finding. Specifically, the statute provided that

> [t]he jury (if the hearing is by jury), or the court (if the hearing is to the court alone), *may* find that the person is an habitual offender only if the state has proved beyond a reasonable doubt that the person had accumulated two [2] prior unrelated felony convictions.

IND.CODE ANN. § 35–50–2–8(d) (Burns 1979) (emphasis added). Thus, the jury could only declare Baker an habitual offender if the state proved his prior convictions be-

---

1. The Court made clear in *Ashe* that the requirement of collateral estoppel in federal criminal cases derives from the Double Jeopardy and not the Due Process Clause. *Id.* at 442, 90 S.Ct. at

1193. This court therefore evaluates petitioner's collateral estoppel claim with reference to case law interpreting the collateral estoppel component of the Double Jeopardy Clause.

yond a reasonable doubt, as the trial court instructed it, but the jury was not obligated so to designate Baker despite the proffer of adequate proof by the state. As a consequence, this court cannot proclaim with certainty that no rational jury could have grounded a "non-habitual offender" verdict upon an issue other than the state's failure to prove Baker's prior convictions.[2] Accordingly, this court does not find that the state was estopped by the first jury's finding to proffer Baker's prior felony convictions at a subsequent trial for an unrelated theft.

 Second, even if this court speculates that the first jury declined to declare Baker an habitual offender due to insufficient proof of one of his prior convictions by the state, we note that the second jury considered a third and unrelated prior felony conviction at Baker's second trial for theft.[3] Thus, presentation of a prior felony conviction which a previous jury had rejected for insufficient proof would result in harmless error, so long as the state proved two other convictions to the jury beyond a reasonable doubt. *Cf. State v. Johnson*, 485 S.W.2d 106, 112 (Mo.1972).

In any event, because this court cannot determine with certainty the basis for the first jury's decision not to declare Baker an habitual offender, this court cannot accord collateral estoppel effect to that decision. For similar reasons, which we have previously discussed, this court holds that resubmission of Baker's prior felony convictions at the habitual offender phase of Baker's second theft trial did not subject him to double jeopardy. This court therefore AFFIRMS the district court's denial of habeas corpus relief to petitioner Baker.

2. We acknowledge that Indiana cases interpreting the 1979 version of § 35–50–2–8 limit the jury's inquiry at an habitual offender proceeding to the existence of at least two prior felony convictions. *Underhill v. State*, 428 N.E.2d 759, 768 (Ind.1981); *Owens v. State*, 427 N.E.2d 880, 886 (Ind.1981). We observe, however, that the statute itself, and often the jury instructions tendered by the trial courts in these cases, afford the jury ample discretion to decline to

make habitual offender findings despite sufficient proof of prior convictions by the state. *Underhill v. State*, 428 N.E.2d at 769–70.

3. The state's submission of more than two felony convictions was unnecessary, but resulted in no trial error. *Short v. State*, 443 N.E.2d 298, 304–05 (Ind.1982).