**UNITED STATES of America, Plaintiff,**

v.

**Carlos SANCHEZ, also known as William F. Cruz, William Cruz, Carlos H. Meza, Carlos Meza, Defendant.**

**No. 87 CR 651.**

United States District Court,
N.D. Illinois, E.D.

Jan. 28, 1988.

Theresa Cesar Garza, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Edward M. Gensen, Genson & Steinback, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

In response to the government's notice to defendant regarding minimum penalty, defendant Carlos Sanchez has filed a motion to strike. For the reasons noted below, we deny Sanchez's motion to strike. The government has provided notice that it intends to seek application of the sentence enhancement provisions of 18 U.S.C.App. § 1202(a)(1) for Sanchez's violation of that section. Section 1202's enhancement provision mandates a fifteen year penalty if the defendant previously had been convicted of robbery or burglary three times prior to the violation of § 1202. Sanchez does not dispute in their motion that he has four prior convictions for armed robbery but contends that application of the enhanced penalty provision violates the ex post facto clause of the Constitution, U.S. Const. art. I, § 9, cl. 3, because it is based on four convictions which occurred prior to the enactment of § 1202 in the Armed Career Criminal Act of 1984, Pub.L. No. 98–473, title II, §§ 1802, 1803, Oct. 12, 1984, 98 Stat. 2185. We disagree. The enhanced sentencing provision of § 1202 is imposed neither for the prior crimes nor for Sanchez's status as an armed career criminal, but rather "a stiffened penalty for the latest crime, which is considered to be an aggravated offense." *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948). "Thus, an habitual criminal who receives an enhanced sentence pursuant to an habitual offender statute does not receive additional punishment for his previous offenses, or punishment for his recidivist status as such, but rather receives a more severe punishment for his most recent felonious offense." *Baker v.*

*Duckworth,* 752 F.2d 302, 304 (7th Cir.), *cert. denied,* 472 U.S. 1019, 105 S.Ct. 3483, 87 L.Ed.2d 618 (1985). In *Gryger,* the Supreme Court considered and rejected the exact argument Sanchez makes today, that is, that the ex post facto clause is violated because the enhanced provision is based upon convictions occurring prior to the enactment of the enhancement provision. *Gryger,* 334 U.S. at 729, 68 S.Ct. at 1257. There is no question that the crime in the present case, possession of a firearm by a convicted felon, occurred after enactment of § 1202. As such, the ex post facto law is not implicated because the statute only defines and fixes the punishment for *future offenses.* That it does so in terms of past offenses does not punish or increase the punishment for those past offenses. Sanchez would not be exposed to the increased penalty unless he committed the violation of § 1202 after its enactment. Accord, *Perkins v. Cabana,* 794 F.2d 168, 169 (5th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 414, 93 L.Ed.2d 366 (1986); *United States v. Ilacqua,* 562 F.2d 399, 404 (6th Cir.1977), *cert. denied,* 436 U.S. 906, 98 S.Ct. 1453, 55 L.Ed.2d 497 (1978); *Collins v. Duckworth,* 559 F.Supp. 541 (N.D.Ind. 1983). Accordingly, because we find that application of the enhanced sentencing provisions of § 1202 to the current offense does not violate the ex post facto clause, we deny Sanchez's motion to strike. It is so ordered.