**Royce E. DENTON,
Petitioner–Appellant,**

v.

**Jack R. DUCKWORTH, et al.,
Respondents–Appellees.**

No. 87–2819.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 26, 1988.

Decided April 17, 1989.

Rehearing and Rehearing In Banc
Denied June 8, 1989.

Warren Byrd, Law Student, Notre Dame Law School, Notre Dame, Ind., for petitioner-appellant.

Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, Ind., for respondents-appellees.

Before COFFEY, EASTERBROOK, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Royce Denton was convicted by a jury of rape in Marion County (Indiana) Superior Court in 1981. The same jury, in a bifurcated proceeding, also found that Denton was an habitual offender under Ind.Code § 35–50–2–8.[1] As a result, Denton's fifteen-year sentence was "enhanced" by an additional thirty years. As a separate part of the original indictment, the State of Indiana had alleged in support of the habitual offender charge that Denton had been convicted of four prior unrelated felonies. Denton was, the separate part of the indictment alleged, convicted in 1963 of grand larceny, in 1970 of theft, in 1975 of rape and commission of a crime of violence, and in 1979 of escape.

In 1983, the state trial court in which Denton was convicted of rape in 1975 vacated that conviction. As a result, Denton then moved for correction of his sentence for the 1981 rape conviction. The Marion County Superior Court granted this motion and set aside the finding of habitual offender status.

The Superior Court judge, however, also granted the State of Indiana leave to refile its charge as to the habitual offender count. It did so by an information in September of 1984, alleging three of the originally alleged prior convictions, and excluding the (now vacated) 1975 rape conviction. In December of 1984, the state moved to amend its information by alleging a new prior unrelated felony conviction of Denton, that of unlawful possession of mail in 1977. The Marion County Superior Court permitted this amendment to the information, and the second hearing on Denton's habitual offender status ensued. On May 2, 1985, the jury returned a finding of habitual offender status, and the court

---

1. This statute provided in part at that time:
   (a) The state may seek to have a person sentenced as an habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions....

   (d) A person is an habitual offender if the jury (if the hearing is by jury) or the court (if the hearing is to the court alone) finds that the state has proved beyond a reasonable doubt that the person had accumulated two (2) prior unrelated felony convictions.
   Ind.Code Ann. § 35–50–2–8 (West 1986).

reenhanced Denton's original sentence by thirty years.

Denton appealed the finding of habitual offender status to the Indiana Supreme Court, which affirmed. *Denton v. State,* 496 N.E.2d 576 (Ind.1986). Denton then filed his petition for *habeas corpus* in the Northern District of Indiana on April 2, 1987, alleging a violation of his rights under the double jeopardy clause as to the redetermination of his habitual offender status, and under the due process and equal protection clauses as to the amendment of the information. The district court denied Denton's petition, and he appeals.

## I. Discussion

### A. *Double Jeopardy Clause*

■ Denton's argument that redetermination of his habitual offender status was barred by the double jeopardy clause must fail. Double jeopardy does not attach in cases where the defendant succeeds in getting his first conviction set aside, through either direct appeal or collateral attack, because of some error in the proceedings leading to his conviction. *See, e.g., United States v. Tateo,* 377 U.S. 463, 465, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448 (1964). In *Burks v. United States,* 437 U.S. 1, 11–19, 98 S.Ct. 2141, 2147–51, 57 L.Ed.2d 1 (1978), the Supreme Court recognized an exception to this rule, holding that when a defendant's conviction is reversed by an appellate court on sufficiency of the evidence grounds, double jeopardy attaches, and the defendant cannot be retried. In *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981), the Court extended the application of *Burks* to a separate capital sentencing proceeding which, because the prosecution had to prove certain facts beyond a reasonable doubt, "resembled and, indeed, in all relevant re-

spects was like the immediately preceding trial on the issue of guilt or innocence." *Bullington,* 451 U.S. at 438, 101 S.Ct. at 1858. Previous sentencing procedures to which it held double jeopardy did not attach did not have, unlike the proceeding at issue in *Bullington,* "all the hallmarks of the trial on the issue of guilt or innocence." *Id.* at 439, 101 S.Ct. at 1858.

Our analysis of this case requires two inquiries: first, whether this case falls under *Bullington,* and second, whether this case comes under the trial error exception to the prohibition against double jeopardy. *Cf. Lockhart v. Nelson,* —— U.S. ——, 109 S.Ct. 285, 289 n. 6, 102 L.Ed.2d 265 (1988) (calling *Bullington* issue "logical antecedent" of trial error issue, but asserting that it was not necessary to decide the former issue, which was decided by the courts below and conceded by the state on appeal, in that case). Denton argues that the Indiana habitual offender statute is like the capital sentencing proceeding in *Bullington,* and he urges that we follow the Fifth Circuit, which has held the double jeopardy clause applicable to a similar statute. *See Bullard v. Estelle,* 665 F.2d 1347 (5th Cir.1982), *vacated on other grounds,* 459 U.S. 1139, 103 S.Ct. 776, 74 L.Ed.2d 987 (1983).[2] He next contends that this is a case where the prior finding of habitual offender status was reversed on sufficiency of the evidence grounds, and not for trial error. Hence, Denton argues, the double jeopardy clause should bar redetermination of whether he is an habitual offender.

In *Baker v. Duckworth,* 752 F.2d 302, 304 (7th Cir.), *cert. denied,* 472 U.S. 1019, 105 S.Ct. 3483, 87 L.Ed.2d 618 (1985), we said:

---

**2.** There is a split of authority on this point. *Compare Bullard v. Estelle,* 665 F.2d 1347 (5th Cir.1982), *vacated on other grounds,* 459 U.S. 1139, 103 S.Ct. 776, 74 L.Ed.2d 987 (1983) (double jeopardy applies to Texas habitual offender statute); *Nelson v. Lockhart,* 828 F.2d 446 (8th Cir.1987), *rev'd on other grounds,* —— U.S. ——, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988) (double jeopardy applies to Arkansas habitual offender statute) *with Linam v. Griffin,* 685 F.2d 369

(10th Cir.1982), *cert. denied,* 459 U.S. 1211, 103 S.Ct. 1207, 75 L.Ed.2d 447 (1983) (double jeopardy does not apply to New Mexico habitual offender statute). *See also Sailor v. Scully,* 836 F.2d 118, 123 (2d Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 2002, 100 L.Ed.2d 233 (1988) (noted controversy but assumed without deciding that double jeopardy could apply in some circumstances to imposition of an enhanced sentence).

This court agrees that Indiana's habitual offender statute ... *does not create a separate crime.* Rather, the statute authorizes the enhancement of a convicted felon's sentence for an underlying felony, if the convict has accumulated at least two prior unrelated felony convictions.... Thus, an habitual criminal who receives an enhanced sentence pursuant to an habitual offender statute does not receive additional punishment for his previous offenses, or punishment for his recidivist status as such, but rather receives a more severe punishment for his most recent felonious offense.

(citations omitted) (emphasis added).[3] *See also Durham v. State,* 464 N.E.2d 321 (Ind.1984) (statute does not establish a separate offense, but rather provides for the imposition of a more severe sentence for the substantive crime charged). Noting that the use of prior convictions in this manner itself does not violate the double jeopardy clause, we held in *Baker* that one jury's finding that the defendant in that case was not an habitual offender did not bar the state from presenting the same two felonies it alleged in the first proceeding to the second jury at the habitual offender phase of Baker's second trial for theft. *Id.* at 304–06.

Denton argues that *Baker* is distinguishable from his case because *Baker* involved two separate trials and two distinct underlying offenses, 752 F.2d at 305. He claims that the Indiana habitual offender statute is like the statute at issue in *Bullington,* because the prosecution bears the burden of proving habitual offender status by competent evidence, and because this status cannot be found unless the state proves the past convictions beyond a reasonable doubt. This case presents circumstances similar, however, to those in *Durham.* In that case, the jury in defendant's first trial convicted him of the underlying offenses, but did not find that he was an habitual offender. When the underlying convictions were set aside due to error, the state refiled the charges for the two underlying counts and also filed an amended habitual offender count which alleged four prior felony convictions, including the two prior convictions which had been the basis of the first habitual offender count. On appeal, the Indiana Supreme Court held that the rule in *Bullington* did not apply to habitual offender determinations. It said there:

The death penalty is the most extreme penalty authorized by law and for that reason alone warrants unique treatment. It can only be applied within the specific facts of a particular case. The habitual offender status, however, is a continuing status of a particular defendant as long as he has two or more felony convictions on his record. The state may use this status any time the defendant commits a further crime and a jury's determination that a defendant is not a habitual offender during a particular trial is not an "acquittal" of that defendant's status as a habitual offender.

*Durham,* 464 N.E.2d at 324.

■ The Indiana Supreme Court also distinguished the habitual offender statute from a bifurcated death penalty proceeding like the one in Missouri because the latter "involved a consideration of the particular facts underlying the substantive offense.... Because the habitual offender statute *does not create new or separate offenses and the habitual offender proceeding does not deal with the underlying facts on the substantive charge,* the use of prior convictions at more than one habitual offender proceeding does not constitute double jeopardy." *Durham,* 464 N.E.2d at 325 (quoting *Baker v. State,* 425 N.E.2d 98, 101 (Ind.1981), *cert. denied,* 472 U.S. 1019, 105 S.Ct. 3483, 87 L.Ed.2d 618 (1985)) (em-

---

**3.** In *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), the Supreme Court noted the difference between acquittal on the issue of guilt or innocence and an imposition of a lesser sentence in favor of a greater one. *Baker,* 752 F.2d at 305. The Court in *DiFrancesco* observed that "the pronounce-ment of sentence has never carried the finality that attaches to an acquittal," and rejected the argument that "for double jeopardy finality purposes, the imposition of [a] sentence [was] an 'implied acquittal' of any greater sentence," 449 U.S. at 133, 101 S.Ct. at 435.

phasis in original).[4] We agree with the Indiana court that the habitual offender statute, which does not create a separate offense or require consideration of the underlying facts on the substantive charge, is distinguishable from the statute at issue in *Bullington,* and thus double jeopardy does not attach.

We do not find persuasive the Fifth Circuit's reasoning in *Bullard.* It distinguished the Supreme Court's opinion in *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980)[5] by noting that the "availability of enhancement [under the Texas statute at issue in *Bullard*] depended upon a finding that certain facts existed and ... there has been an appellate determination of insufficient evidence ... to establish those facts." *Bullard,* 665 F.2d at 1354. In deciding that double jeopardy barred resentencing of Bullard under the Texas statute, the Fifth Circuit relied heavily on the fact that an appellate court had reversed the first sentence for insufficiency of the evidence, and not for trial error. *Id.* at 1358–60. That is, not only was the proceeding like the one to which double jeopardy was held to attach in *Bullington,* but the rule in *Burks* barring retrial where a conviction is reversed on sufficiency of the evidence grounds applied as well.

■ This is not so in this case. Even if *Bullington* applied to the Indiana habitual offender proceeding, redetermination of Denton's status would not be barred here

by the double jeopardy clause. In the Supreme Court's recent decision in *Nelson,* it considered the question whether the double jeopardy clause allows retrial when a reviewing court determines that a defendant's conviction must be reversed because evidence was erroneously admitted against him, where with the inadmissible evidence there was sufficient evidence to support a conviction, 109 S.Ct. at 287. In *Nelson,* the relevant habitual offender statute, that of Arkansas, required proof of four prior felony convictions. One of the four prior convictions originally submitted turned out to have been the subject of a pardon by the governor. The Supreme Court held that double jeopardy did not attach under *Burks* where the evidence initially introduced is sufficient, even if some of it was introduced erroneously.

Here, the four prior convictions alleged by the State of Indiana were sufficient to support a finding of habitual offender status.[6] The first habitual offender determination only was reversed because the 1975 rape conviction was subsequently vacated, and thus was erroneously admitted *ab initio.* This clearly is a case of "trial error," and not of insufficiency of the evidence. *Nelson,* 109 S.Ct. at 290.[7] Hence, the double jeopardy clause does not bar redetermination of Denton's habitual offender status.

### B. *Due Process Clause*

■ Denton also argues, assuming that redetermination of his habitual offender

---

**4.** Under Missouri law, the capital sentencing proceeding only would occur when the defendant was convicted of capital murder (defined separately). The statute required the jury to consider prior convictions or pleas of guilty or *nolo contendere* or the absence thereof. It also, however, required the jury to consider other evidence in extenuation, mitigation and aggravation of punishment. *Bullington,* 451 U.S. at 453–56 & nn. 2–4, 101 S.Ct. at 1855–56 & nn. 2–4.

**5.** *See* note 3, *supra.*

**6.** The only distinction between this case and *Nelson* was that here the offending conviction that was used in the first determination of habitual offender status was overturned after, and not before, the first proceeding. This, however, is a distinction without a difference: the effect of its having been overturned is the same. If it

were not, then Denton's first habitual offender finding could not have been overturned—a clearly erroneous result.

**7.** Denton argues that the reversal of the first habitual offender determination was on sufficiency of the evidence grounds because the 1975 rape conviction was the only one of the original four alleged prior felony convictions that was not a Class D felony, and the Indiana statute provides that one cannot be sentenced as an habitual offender if all the prior felonies alleged are Class D felonies. *See* Ind.Code § 35–50–2–8(h). This section, however, was not added to the statute until 1985, and was not meant to apply to proceedings begun before September 1, 1985. 1985 Ind.Acts 328 § 3. Thus, we need not consider this argument.

status is proper, that the filing of the amended habitual offender information violated due process. First, Denton claims, under *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), and *Specht v. Patterson*, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967), state habitual offender proceedings must assure due process, which includes "reasonable notice and an opportunity to be heard ...," *Oyler*, 368 U.S. at 452, 82 S.Ct. at 504. This right accrues, Denton insists, from the filing of the original information on the underlying charge.

The state of Indiana argues in response, and we agree, that the right to notice means only two things in this context. First, the petitioner must have been adequately apprised of what he had to meet before the second habitual offender determination. Second, he must have had sufficient time to prepare for that proceeding. If these conditions are met, then the indictment or information may be amended. *See, e.g., Smith v. State*, 490 N.E.2d 300, 304 (Ind.1986) (where defendant made no showing that he did not have ample time to prepare for trial, he was not prejudiced by State's amendment of habitual offender count during trial); *Cheney v. State*, 486 N.E.2d 508, 513–14 (Ind.1985) (where amendment of original information to include habitual offender count occurred one-and-a-half months before trial, amendment was permissible); *Howard v. State*, 268 Ind. 589, 377 N.E.2d 628, 629 *cert. denied*, 439 U.S. 1049, 99 S.Ct. 727, 58 L.Ed.2d 708 (1978) (where appellant was given adequate time to prepare a defense and his rights were not prejudiced, amendment of information to include habitual criminal offender count was permissible because habitual criminal offender statute did not create a separate offense). Denton had ample time to prepare for this proceeding. The state of Indiana moved to amend the information in December, 1984, and trial was not held until May, 1985. Denton does not show that he was prejudiced in any way by this amendment, in the sense of not having had an adequate opportunity to defend against the amended information.

## II. Conclusion

For the reasons discussed above, the judgment of the district court is AFFIRMED.