33 F.3d 56
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott D. SHEPPARD, Defendant-Appellant.
 No. 93-2813.
 United States Court of Appeals, Seventh Circuit.
 Argued June 9, 1994.
Decided Aug. 9, 1994.
 
 1
 Before MANION and KANNE, Circuit Judges, and JOHN C. SHABAZ, District Judge*.
 
 ORDER
 
 2
 Scott Sheppard pleaded guilty to conspiring to distribute cocaine base in violation of 21 U.S.C. Sec. 846 and distribution of cocaine base in violation of 21 U.S.C. Sec. 841(a). The district court determined that Sheppard was a career offender and sentenced him to 294 months in prison. Sheppard appeals his sentence claiming that the district court erred in determining that he was a career offender, that his sentence was improperly doubly enhanced based on his prior convictions, and that his sentence was so disproportionate to his crime that it constituted cruel and unusual punishment. We affirm.
 
 I. Background
 
 3
 Scott Sheppard is no stranger to the criminal justice system. His record, just from the time that he reached adulthood, includes the following: when he was eighteen he pleaded guilty to theft; at age nineteen he pleaded guilty to burglary; at age twenty-two he pleaded guilty to five counts of burglary, one count of theft and one count of criminal trespass to motor vehicles; at age twenty-nine he pleaded guilty to the unlawful use of a weapon; at age thirty he pleaded guilty to possession of a controlled substance and possession of cannabis.
 
 
 4
 Sheppard's latest run-in with the law is the subject of this appeal. On March 8, 1992, Sheppard and an accomplice approached an undercover agent and a confidential source and negotiated to sell them cocaine. An agreement was reached and Sheppard and the accomplice provided the agent and the source two small rocks--subsequently analyzed as containing cocaine base--for twenty dollars. After a brief foot chase, Sheppard was arrested. He was later indicted for conspiring to distribute and distribution of cocaine base.[1] Sheppard pleaded guilty to both counts. At Sheppard's sentencing hearing, the district court determined that Sheppard was a career offender under section 4B1.2 of the Sentencing Guideline. Based on his status as a career offender, the court placed him in a criminal history category level of VI. The court also increased Sheppard's potential maximum sentence from 20 years to 30 years because he had a prior drug conviction pursuant to 21 U.S.C. Sec. 841(a)(1)(C). The district court then sentenced Sheppard to 294 months in prison.
 
 II. Analysis
 
 5
 On appeal, Sheppard claims the district court erred in determining that he was a career offender under section 4B1.1. He also claims that his sentence was improperly doubly enhanced based on his prior convictions. Finally, he asserts that his sentence was so disproportionate to his crime that it constituted cruel and unusual punishment. We consider each issue in turn below.
 
 A. Career Offender
 
 6
 Sheppard was convicted of conspiracy to distribute and distribution of cocaine base in violation of 21 U.S.C. Sec. 841(a) and 21 U.S.C. Sec. 846. The district court found that he was a "career offender" under United States Sentencing Guidelines section 4B1.1 and assigned him a criminal history category level of VI.
 
 
 7
 Section 4B1.1 of the Sentencing Guidelines provides that:
 
 
 8
 A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense....
 
 
 9
 It is undisputed that Sheppard was at least eighteen years old at the time of the instant offense. It is also undisputed that he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. What Sheppard disputes is that the instant offense is a controlled substance offense; Sheppard maintains that a conviction for conspiracy does not constitute a controlled substance offense.
 
 
 10
 The Guidelines define a "controlled substance offense" as "an offense under a federal or state law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. Sec. 4B1.2(2). The commentary to U.S.S.G. Sec. 4B1.2 further provides that "controlled substance offense include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. Sec. 4B1.2, comment. n. 1.
 
 
 11
 Sheppard acknowledges that under the Sentencing Guidelines, conspiracy to commit a controlled substance offense is treated as a "controlled substance offense," but he contends that the Sentencing Commission exceeded its authority by including "conspiracy" as a controlled substance offense. This court has held rejected this argument in United States v. Damerville, 93-3235 slip op. at 6 (June 14, 1994). Sheppard, therefore, was correctly characterized as a career offender.[2]
 
 B. Double Enhancement
 
 12
 In sentencing Sheppard, the court applied 21 U.S.C. Sec. 841(a)(1)(C) which sets forth the maximum term of imprisonment for controlled substance offenses. That section provides that the maximum term of imprisonment is twenty years unless the defendant has one or more prior controlled substance convictions; then the maximum sentence is thirty years. Sec. 841(a)(1)(C). Since Sheppard had a prior controlled substance conviction, the district court concluded that the maximum sentence available to Sheppard was thirty years. The district court, as discussed above, also found that Sheppard was a career offender under section 4B1.1 of the Sentencing Guidelines, in part because of his prior controlled substance conviction. Sheppard argues that using his prior conviction to increase his maximum sentence to thirty years pursuant to Sec. 841(a)(1)(C) and also to increase his criminal history offense level pursuant to the section 4B1.1 career offender provision is an improper double enhancement of his sentence. This court has rejected this identical argument in United States v. Saunders, 973 F.2d 1354, 1365 (7th Cir.1992), and we need not revisit it here.
 
 C. Cruel and Unusual Punishment
 
 13
 Because Sheppard was a "career offender" he was assigned a criminal history category level of VI. This in turn provided a sentencing range of 262 to 327 months in prison. The district court sentenced Sheppard to 294 months in prison. Sheppard claims that his sentence was so extreme that it violated the Eighth Amendment's prohibition of cruel and unusual punishment. We disagree.
 
 
 14
 "The eighth amendment forbids only extreme sentences that are 'grossly disproportionate' to the crime." Saunders, 973 F.2d at 1365 (quoting Harmelin v. Michigan, 111 S.Ct. 2680, 2705 (1991) (Kennedy, J., concurring). We grant substantial deference to the legislative determination of the appropriate prison term for individual crimes. Id. "Thus, eighth amendment challenges to sentences that are both prescribed by the guidelines, and within the statutory maximums established by Congress, are looked on with disfavor." Id. (citing United States v. Jones, 950 F.2d 1309, 1317 (7th Cir.1991)).
 
 
 15
 Here, Sheppard was convicted of conspiracy to distribute cocaine base and distribution of cocaine base. Because Sheppard was a "career offender" his present crimes are considered aggravated offenses and are subject to more severe punishment. Baker v. Duckworth, 752 F.2d 302, 304 (7th Cir.1985) ("The sentence as a[n] ... habitual criminal is not to be viewed as a new jeopardy or an additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime which is to be considered an aggravated offense because a repetitive one.") (quoting Gryger v. Burke, 334 U.S. 728, 732 (1948)). His sentence of 294 months thus resulted from this last offense, aggravated by his prior felonies. Saunders, 973 F.2d at 1365. While this is a harsh sentence, it is not grossly disproportionate to his aggravated offense. See United States v. Alvarez, 914 F.2d 915, 919 (7th Cir.1990) (a thirty-year sentence for knowing possession of a firearm by a convicted felon was not grossly disproportionate and did not constitute cruel and unusual punishment in violation of the Eighth Amendment); Saunders, 973 F.2d at 1365 (a 262-month sentence for conspiracy and possession of 13 ounces of cocaine did not violate the Eighth Amendment).
 
 
 16
 Sheppard responds by focusing on the amount of cocaine involved in his present conviction and the value of that cocaine--.1 gram, $20. This is obviously a small amount of drugs, worth a small amount of money. But the economic value underlying a crime does not determine the gravity of the crime. And Congress has made it clear "that it considers repeat drug violations among the gravest offenses in the federal code." Saunders, 973 F.2d at 1365. Congress responded to the grave nature of Sheppard's offense by setting a harsh sentence for the violation. "It is well settled that a sentence within the range prescribed by statute has never been found to be an eighth amendment violation." United States v. McNeese, 901 F.2d 585, 606 (7th Cir.1990). Therefore, we conclude that Sheppard's sentence of 294 months did not violate the Eighth Amendment.
 
 For these and the foregoing reasons, we
 
 17
 AFFIRM.
 
 
 
 *
 Hon. John C. Shabaz, of the Western District of Wisconsin, sitting by designation
 
 
 [1]
 Sheppard's accomplice was also apprehended and indicted for conspiracy to distribute cocaine base and distribution of cocaine base. The accomplice pleaded guilty
 
 
 [2]
 On appeal, Sheppard conveniently ignores his conviction for distribution of cocaine base, which is undisputedly a controlled substance offense. This conviction is an additional basis for the district court's conclusion that he is a career offender under Section 4B1.1