85 F.3d 631
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James GASTON, Petitioner-Appellant,
v.
Odie WASHINGTON,[1] and Roland W. Burris,
Respondents-Appellees.
 No. 95-2279.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 17, 1996.*
Decided April 17, 1996.
 
 Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 James Gaston raises two contentions on appeal from the district court's denial of his petition for a writ of habeas corpus, both of which rely on the protection afforded by the Double Jeopardy Clause against multiple trials for the same offense. On March 2, 1990, Judge Earl Strayhorn of the Cook County Circuit Court found Gaston guilty of armed robbery after a bench trial. The government moved pursuant to the Illinois Habitual Criminal Act ("Act"), codified as amended at 720 Ill.Comp.Stat.Ann. §§ 5/33B-1 to 33B-3, to impose the Act's mandatory term of life imprisonment. The Act, roughly speaking, requires the imposition of a sentence of natural life upon a defendant's conviction of a third violent felony offense.
 
 
 2
 The state introduced evidence of Gaston's 1976 armed robbery conviction and two 1980 armed robbery convictions. The judge, however, found the Act inapplicable to Gaston because the 1980 convictions were contemporaneous and because the 1976 conviction was more than ten years old, despite the Act's explicit provision that any conviction within twenty years, tolled by periods of imprisonment, should be counted. He denied the motion and sentenced Gaston to 15 years of imprisonment. The state successfully petitioned the Illinois Supreme Court for a writ of mandamus or supervisory order vacating the 15-year term and imposing life imprisonment. But the Illinois Supreme Court's supervisory order gave the state just half of what it wanted, vacating the sentence and ordering the judge to conduct further proceedings in accordance with the Act.
 
 
 3
 Judge Strayhorn then granted Gaston's motion for judgment notwithstanding the verdict (JNOV), finding that his original guilty verdict was not in accord with the evidence. He entered a finding of not guilty and ordered Gaston discharged from custody. The state again petitioned the Illinois Supreme Court for a writ of mandamus or supervisory order. On November 21 the Illinois Supreme Court ordered Judge Strayhorn to vacate his grant of JNOV and to impose the term of natural life mandated by the Act. The judge did so. After exhausting his state remedies, Gaston brought the present action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that the reinstatement of conviction and reimposition of sentence each violated double jeopardy. The district court rejected his claims and dismissed the petition. This appeal followed.
 
 
 4
 Gaston first contends that the Illinois Supreme Court's reinstatement of the guilty verdict after the trial court vacated its original decision and acquitted him violated the Double Jeopardy Clause. Gaston correctly notes that double jeopardy generally bars multiple trials for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). The problem with Gaston's argument is that he was never retried. Moreover, his one and only trial resulted in a valid determination of guilt. The Illinois Supreme Court evidently concluded that Judge Strayhorn granted JNOV in error. "[Where] reversal on appeal would merely reinstate the jury's verdict, review of such an order does not offend the policy against multiple prosecution.... [A] defendant has no legitimate claim to benefit from an error of law when that error could be corrected without subjecting him to a second trial before a second trier of fact." United States v. Wilson, 420 U.S. 332, 344-45 (1975); United States v. Klein, 910 F.2d 1533, 1535 (7th Cir.1990); United States v. Blasco, 581 F.2d 681, 683-84 (7th Cir.), cert. denied, 439 U.S. 966 (1978). Because the identity of the trier of fact is irrelevant for double jeopardy purposes, this principle applies equally when the case is tried to a judge. United States v. Jenkins, 420 U.S. 358, 365 (1975) (dicta).
 
 
 5
 As the district court noted, Judge Strayhorn first entered a verdict of guilty. The Illinois Supreme Court's supervisory order vacated the sentence, but not the guilty verdict. Judge Strayhorn then granted the defendant JNOV and entered a judgment of acquittal. The Illinois Supreme Court was constitutionally permitted to vacate the trial court's erroneous JNOV, thus reinstating the guilty verdict, because no retrial was necessary to do so. The vacatur of the JNOV also rendered the trial court's subsequent "acquittal" void. Setting to one side the legal disagreements between the judge and the Illinois Supreme Court, the entire process included one trial, and the trial resulted in a guilty verdict. Gaston was in jeopardy only once.
 
 
 6
 Gaston next contends that double jeopardy protects him from the Illinois Supreme Court's supervisory order instructing Judge Strayhorn to sentence him as a habitual criminal. He believes he was entitled to double jeopardy protection by Judge Strayhorn's initial determination that he was not a habitual criminal within the meaning of the Act.[2] In narrow circumstances, double jeopardy can bar a second sentencing proceeding. For example, in Bullington v. Missouri, 451 U.S. 430 (1981), the Court held that Missouri's separate capital sentencing proceeding, in part because the prosecution had to prove certain facts beyond a reasonable doubt and because the jury's discretion in selecting punishment was limited, "resembled and, indeed, in all relevant respects was like the immediately preceding trial on the issue of guilt or innocence." Id. at 438. Therefore double jeopardy barred the state from multiple attempts to obtain a sentence of death.
 
 
 7
 In Denton v. Duckworth, 873 F.2d 144 (7th Cir.), cert. denied, 493 U.S. 941 (1989), this court declined to extend Bullington to Indiana's habitual offender sentencing procedures. We held that the Indiana statute, "which does not create a separate offense or require consideration of the underlying facts on the substantive charge, is distinguishable from the statute at issue in Bullington, and thus double jeopardy does not attach." Id. at 148. Similarly, the Illinois recidivist statute at issue in this case is an enhancement provision that operates mechanically upon the introduction of evidence of two prior felony convictions and requires no inquiry into the facts underlying the charge. It does not so closely resemble a trial or inquire into the issue of guilt or innocence such as to support the extension of Bullington. See also People v. Levin, 623 N.E.2d 317, 322-25 (Ill.1993) (holding that because Illinois Habitual Criminal Act procedure "lacks the formality of a trial," Bullington exception does not apply), cert. denied, 115 S.Ct. 94 (1994). Thus double jeopardy does not apply.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 In January 1995 Odie Washington replaced Howard A. Peters as Director of the Illinois Department of Corrections. Pursuant to Federal Rule of Appellate Procedure 43(c)(1), the court on its own motion substitutes Mr. Washington as defendant in this action
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 Gaston also raises various challenges to the Illinois Supreme Court's interpretation and application of the Act; however, "errors of state law do not violate federal law and so do not give rise to a claim for federal habeas corpus." Fagan v. Washington, 942 F.2d 1155, 1158 (7th Cir.1991) (citing Pulley v. Harris, 465 U.S. 37, 41 (1984))