107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dale H. STRODE, Petitioner-Appellant,
v.
Christopher E. MELOY, Respondent-Appellee.
 No. 95-3815.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 27, 1997.*
Decided Feb. 28, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Dale H. Strode appeals the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. We affirm.
 
 
 2
 In 1990, Mr. Strode was convicted of burglary and theft in Indiana state court. His sentence was enhanced by 30 years pursuant to Indiana's habitual offender statute. Ind.Code § 35-50-2-8. On direct appeal, Mr. Strode raised an insufficiency of the evidence claim which the state court of appeals rejected. He then filed a petition for post-conviction relief in state court arguing that one of the four convictions used to enhance his sentence--a 1972 conviction for entering to commit a felony--was unlawful because, in that case, his jury waiver was invalid.[1] After a hearing, the post-conviction court denied Mr. Strode's petition for relief. The Indiana appellate court affirmed and the Indiana Supreme Court denied Mr. Strode's petition for transfer. Mr. Strode then filed a petition for a writ of habeas corpus, which the district court denied.
 
 
 3
 In Smith v. Farley, 25 F.3d 1363 (7th Cir.), cert. denied, 115 S.Ct. 908 (1995), we held that a federal court should not address the merits of a state prisoner's challenge to the constitutionality of a past conviction used to enhance a new sentence unless that prisoner has not been afforded by the state a full and fair opportunity to collaterally challenge that past conviction. See id. at 1370.[2] Here, not only did Mr. Strode have the opportunity to challenge his 1972 conviction in state court, but he utilized it.
 
 
 4
 Further, if any error exists in the state's use of the 1972 conviction to enhance Mr. Strode's sentence it is harmless error. The Indiana Code allows the state to seek an enhanced sentence when an individual charged with a felony "has accumulated two (2) prior unrelated felony convictions." Ind.Code § 35-50-2-8(a). Here, the state established that Mr. Strode had accumulated four prior unrelated felony convictions, including the 1972 conviction. Thus, even if the 1972 conviction were invalid, the state more than met the requirements of the habitual offender statute. Cf. Baker v. Duckworth, 752 F.2d 302, 307 (7th Cir.1985) (noting that presentation of more than two prior convictions saves the state's case in the event the fact-finder rejects one for insufficient proof).
 
 
 5
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 During the 1990 burglary and theft sentencing hearing, the state submitted evidence that Mr. Strode was convicted of: entering to commit a felony on October 27, 1972; burglary on February 24, 1983; felony theft on March 28, 1985; and felony theft on March 22, 1988. (Tr. of Evidence at 292-329, Indiana v. Strode, No. 49G018912CF138922 (Super.Ct.Marion County, Ind. June 5, 1990).) Mr. Strode does not challenge the 1983, 1985 or 1988 convictions
 
 
 [2]
 We need not address the Supreme Court's decision in Custis v. United States, 511 U.S. 485 (1994) (holding that in case of enhancement under Armed Career Criminal Act, sentencing court need only address collateral challenge to prior conviction based on lack of counsel) because any petition unsuccessful under Smith will fail under Custis